Paul A. Turcke, ISB No. 4759
MSBT Law, Chartered
7699 West Riverside Drive
Boise, ID 83714
Tel: 208-331-1800
Fax: 208-331-1202
pat@msbtlaw.com

*Attorney for Defendant-Intervenor Applicant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILDEARTH GUARDIANS, WESTERN WATERSHEDS PROJECT, and WILDERNESS WATCH, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. FOREST SERVICE and U.S. FISH AND WILDLIFE SERVICE, <br><br> Defendants, <br><br> SAFARI CLUB INTERNATIONAL, <br><br> Defendant-Intervenor Applicant. | Case No. 19-cv-00203-CWD <br><br> **[PROPOSED] ANSWER** |

**[PROPOSED] ANSWER OF SAFARI CLUB INTERNATIONAL TO PLAINTIFFS' AMENDED COMPLAINT**

Safari Club International ("Safari Club"), by and through counsel and pursuant to the Federal Rules of Civil Procedure and the local rules of this Court, respectfully submits this answer, upon information and belief, to the individually numbered paragraphs of the

Amended Complaint filed by WildEarth Guardians, Western Watersheds Project, and Wilderness Watch (collectively, "Plaintiffs").

Safari Club answers each paragraph of the Amended Complaint without waiving but expressly reserving all rights that they may have to seek relief by appropriate motions.

1. Safari Club admits that the allegations of Paragraph 1 of the Amended Complaint describe Plaintiffs' view of this lawsuit. To the extent that Paragraph 1 sets forth additional factual allegations, Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the statements included in Paragraph 1 and for that reason denies them. To the extent that Paragraph 1 states conclusions of law, no response is required. To the extent that the allegations of Paragraph 1 refer to, quote, cite, characterize, and/or paraphrase specific publications, federal statutes, or other documents, those documents speak for themselves and are the best evidence of their own content. To the extent that any further response is required, Safari Club denies the allegations of Paragraph 1.

## Jurisdiction and Venue

2. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the factual allegations of Paragraph 2, and for that reason denies them. To the extent that Paragraph 2 states conclusions of law, no response is required. To the extent that the allegations of Paragraph 2 refer to, quote, cite, characterize and/or paraphrase federal statutes, those documents speak for themselves and are the best evidence of their own content. To the extent that any further response is required, Safari Club denies the allegations of Paragraph 2.

3. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the factual allegations of Paragraph 3, and for that reason denies them. To the extent that Paragraph 3 states conclusions of law, no response is required. To the extent that the allegations of Paragraph 3 refer to, quote, cite, characterize and/or paraphrase federal statutes, those documents speak for themselves and are the best evidence of their own content. To the extent that any further response is required, Safari Club denies the allegations of Paragraph 3.

4. To the extent that Paragraph 4 states conclusions of law, no response is required. To the extent that the allegations of Paragraph 4 refer to, quote, cite, characterize, or paraphrase federal statutes, those documents speak for themselves and are the best evidence of their own content. To the extent that any further response is required, Safari Club denies the remaining allegations of Paragraph 4.

## Parties

5. Safari Club lacks knowledge or information sufficient to form a belief about the truth and/or accuracy of the factual allegations of Paragraph 5 and for that reason denies them. To the extent that the allegations of Paragraph 5 state conclusions of law, no response is required. To the extent that any further response is required, Safari Club denies the allegations of Paragraph 5.

6. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the factual allegations of Paragraph 6, and for that reason denies them. To the extent that the allegations of Paragraph 6 state conclusions of law, no

response is required. To the extent that any further response is required, Safari Club denies the allegations of Paragraph 6.

7. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the factual allegations of Paragraph 7, and for that reason denies them. To the extent that the allegations of Paragraph 7 state conclusions of law, no response is required. To the extent that any further response is required, Safari Club denies the allegations of Paragraph 7.

8. Safari Club admits that defendant U.S. Forest Service is a federal agency within the U.S. Department of Agriculture. To the extent that the allegations of Paragraph 8 state conclusions of law, no response is required. To the extent that any further response is required, Safari Club denies the allegations of Paragraph 8.

9. Safari Club admits that defendant U.S. Fish and Wildlife Service is a federal agency with the U.S. Department of the Interior. To the extent that the allegations of Paragraph 9 state conclusions of law, no response is required. To the extent that any further response is required, Safari Club denies the allegations of Paragraph 9.

### Facts

10. In Paragraph 10, Plaintiffs appear to be citing facts included in the June 30, 2017 rule entitled "Removing the Greater Yellowstone Ecosystem Population of Grizzly Bears From the Federal List of Endangered and Threatened Wildlife," 82 Fed. Reg. 30502 ("GYE Grizzly Bear Rule"). To the extent that the allegations of Paragraph 10 reference information from that rule, Safari Club admits that the rule includes those facts. The GYE Grizzly Bear Rule speaks for itself and is the best evidence

of its own content. To the extent that any further response is required, Safari Club denies the remaining allegations of Paragraph 10.

11. To the extent that the allegations in Paragraph 11 refer to quote, cite, characterize, and/or paraphrase Federal Register notices and Federal Regulations, those documents speak for themselves and are the best evidence of their own content. To the extent that the allegations of Paragraph 11 misstate or mischaracterize the facts found in these documents, Safari Club denies those allegations. To the extent that any further response is required, Safari Club lacks knowledge or information sufficient to form a belief about the truth and/or accuracy of the allegations of Paragraph 11 and for that reason denies them.

12. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the factual allegations in Paragraph 12 and for that reason denies them. To the extent that the allegations of Paragraph 12 offer facts that contradict those provided by the FWS in the GYE Grizzly Bear Rule, Safari Club denies those allegations.

13. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 13 and for that reason denies them.

14. Safari Club admits that the grizzly bear population has increased since 1975 and that its range has increased since 1975. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the specific factual allegations contained in Paragraph 14, other than those included in the GYE Grizzly

Bear Rule, and for that reason denies the factual allegations of Paragraph 14 other than those specifically included in that regulation.

15. Safari Club admits that Idaho and Wyoming have regulations that authorize the use of bait for the harvest of black bears. Those regulations speak for themselves and are the best evidence of their own content. The question of authority over the management of wildlife, including methods of take, is a legal one. To the extent that the allegations of Paragraph 15 state legal conclusions, no response is required. To the extent that any further response is required, Safari Club denies all the remaining allegations of Paragraph 15.

16. Safari Club admits that some black bear hunters who hunt in National Forests in Idaho and Wyoming use bait. This fact is supported by the declarations provided by Safari Club with its motion to intervene. Safari Club admits that the use of bait may take several forms, but otherwise lacks knowledge or information sufficient to form a belief about the truth and/or accuracy of the remaining allegations in Paragraph 16 and for that reason denies them.

17. To the extent that the allegations of Paragraph 17 refer to, quote, cite, characterize, and/or paraphrase documents such as a joint closure order and special use permits, these documents speak for themselves and are the best evidence of their own content. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the remaining allegations of Paragraph 17 and for that reason denies them.

18. To the extent that the allegations of Paragraph 18 refer to, quote, cite, characterize, and/or paraphrase documents such as an Environmental Assessment and Biological Evaluation, these documents speak for themselves and are the best evidence of their own content. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the remaining allegations of Paragraph 18 and for that reason denies them.

19. To the extent that the allegations of Paragraph 19 refer to, quote, cite, characterize, and/or paraphrase documents such as a Biological Opinion, that document speaks for itself and is the best evidence of its own content. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the remaining allegations of Paragraph 19 and for that reason denies them.

20. To the extent that the allegations of Paragraph 20 refer to, quote, cite, characterize, and/or paraphrase documents such as a Biological Opinion, that document speaks for itself and is the best evidence of its own content. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the remaining allegations of Paragraph 20 and for that reason denies them.

21. To the extent that the allegations of Paragraph 21 refer to, quote, cite, characterize, and/or paraphrase documents such as a Biological Opinion and an Incidental Take Permit, those documents speak for themselves and are the best evidence of their own content. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the remaining allegations of Paragraph 21 and for that reason denies them.

22. To the extent that the allegations of Paragraph 22 refer to, quote, cite, characterize, or paraphrase documents such as a Decision Notice, that document speaks for itself and is the best evidence of its own content. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the remaining allegations of Paragraph 22 and for that reason denies them.

23. To the extent that the allegations of Paragraph 23 refer to, quote, cite, characterize, and/or paraphrase documents such as a Decision Notice, that document speaks for itself and is the best evidence of its own content. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the remaining allegations of Paragraph 23 and for that reason denies them.

24. To the extent that the allegations of Paragraph 24 refer to, quote, cite, characterize, and/or paraphrase documents such as an Environmental Assessment, a National Policy, the Endangered Species Act and/or a Closure Order, those documents speak for themselves and are the best evidence of their own content. To the extent that the allegations of Paragraph 24 state conclusions of law, no response is required. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the remaining allegations of Paragraph 24 and for that reason denies them.

25. To the extent that the allegations of Paragraph 25 refer to, quote, cite, characterize, and/or paraphrase documents such as an Environmental Assessment, that document speaks for itself and is the best evidence of its own content. Safari Club lacks

knowledge or information sufficient to form a belief as to the truth and/or accuracy of the remaining allegations of Paragraph 25 and for that reason denies them.

26. To the extent that the allegations of Paragraph 26 refer to, quote, cite, characterize, and/or paraphrase documents such as an Environmental Assessment and Wyoming regulations, those documents speak for themselves and are the best evidence of their own content. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the remaining allegations of Paragraph 26 and for that reason denies them.

27. Safari Club admits that the State of Wyoming authorizes the use of bait for black bear hunting in certain areas of the state. To the extent that the remaining allegations of Paragraph 27 refer to, quote, cite, characterize, and/or paraphrase Wyoming regulations that address black bear hunting with bait, those regulations speak for themselves and are the best evidence of their own content. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the remaining allegations of Paragraph 27 and for that reason denies them.

28. Safari Club admits that the State of Idaho authorizes the use of bait for black bear hunting in certain areas of the state, including in National Forest lands. This information is supported by the declarations that Safari Club provided with its motion to intervene. Safari Club also admits that grizzly bears have been found in some areas where black bear hunting over bait is authorized. This information is also supported by the declarations that Safari Club provided with its motion to intervene. To the extent that the remaining allegations of Paragraph 28 refer to,

quote, cite, characterize, and/or paraphrase Idaho regulations that address black bear hunting with bait, those regulations speak for themselves and are the best evidence of their own content. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the remaining allegations of Paragraph 28 and for that reason denies them.

29. To the extent that the allegations of Paragraph 29 refer to, quote, cite, characterize, and/or paraphrase Idaho regulations that address black bear hunting with bait, those regulations speak for themselves and are the best evidence of their own content. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the remaining allegations of Paragraph 29 and for that reason denies them.

30. To the extent that the allegations of Paragraph 30 refer to, quote, cite, characterize, and/or paraphrase documents such as a food closure order, that document speaks for itself and is the best evidence of its own content. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the remaining allegations of Paragraph 30 and for that reason denies them.

31. To the extent that the allegations of Paragraph 31 refer to, quote, cite, characterize, and/or paraphrase documents such as a closure order, that document speaks for itself and is the best evidence of its own content. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the remaining allegations of Paragraph 31 and for that reason denies them.

32. To the extent that the allegations of Paragraph 32 refer to, quote, cite, characterize, and/or paraphrase documents such as a closure order, that document speaks for itself and is the best evidence of its own content. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the remaining allegations of Paragraph 32 and for that reason denies them.

33. Safari Club admits that hunters use bait to harvest black bears on the Caribou-Targhee National Forest in Idaho. This fact is supported by the declarations that Safari Club provided with its motion to intervene. To the extent that the remaining allegations of Paragraph 33 refer to, quote, cite, characterize, and/or paraphrase Idaho regulations that address black bear hunting with bait, those regulations speak for themselves and are the best evidence of their own content. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the remaining allegations of Paragraph 33 and for that reason denies them.

34. To the extent that the allegations of Paragraph 34 refer to, quote, cite, characterize, and/or paraphrase Wyoming regulations that address black bear hunting with bait, those regulations speak for themselves and are the best evidence of their own content. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the remaining allegations of Paragraph 34 and for that reason denies them.

35. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 35 and for that reason denies them.

36. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 36 and for that reason denies them.
37. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 37 and for that reason denies them.
38. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 38 and for that reason denies them.
39. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 39 and for that reason denies them.
40. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 40 and for that reason denies them.
41. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 41 and for that reason denies them.
42. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 42 and for that reason denies them.
43. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 43 and for that reason denies them.
44. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 44 and for that reason denies them.
45. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 45 and for that reason denies them.
46. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 46 and for that reason denies them.

47. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 47 and for that reason denies them.
48. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 48 and for that reason denies them.
49. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 49 and for that reason denies them.
50. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 50 and for that reason denies them.
51. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 51 and for that reason denies them.
52. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 52 and for that reason denies them.
53. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 53 and for that reason denies them.
54. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 54 and for that reason denies them.
55. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 55 and for that reason denies them.
56. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 56 and for that reason denies them.
57. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 57 and for that reason denies them.

58. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 58 and for that reason denies them.

59. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 59 and for that reason denies them.

60. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 60 and for that reason denies them.

61. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 61 and for that reason denies them.

62. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 62 and for that reason denies them.

63. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 63 and for that reason denies them.

64. Safari Club denies the allegations of Paragraph 64.

65. Safari Club denies the allegations of Paragraph 65.

66. Safari Club denies the allegations of Paragraph 66.

67. Safari Club denies the allegations of Paragraph 67.

68. Safari Club denies the allegations of Paragraph 68.

69. Safari Club denies the allegations of Paragraph 69.

70. Safari Club denies the allegations of Paragraph 70.

71. Safari Club denies the allegations of Paragraph 71.

72. Safari Club admits that some substances are better for bears to eat than others. Safari Club otherwise lacks knowledge or information sufficient to form a belief as to the

truth and/or accuracy of the remaining allegations of Paragraph 72 and for that reason denies them.

73. Safari Club lacks knowledge or information sufficient to form a belief as to the truth and/or accuracy of the allegations of Paragraph 73 and for that reason denies them.

## Claims for Relief

## Claim One

74. Safari Club realleges and incorporates all of its responses from Paragraphs 1-73.

75. To the extent that the allegations of Paragraph 75 state conclusions of law, no response is required. To the extent that the allegations of Paragraph 75 refer to, quote, cite, characterize, and/or paraphrase federal statutes and regulations, judicial rulings, and a Biological Opinion, those documents speak for themselves and are the best evidence of their own content. To the extent that any further response is required, Safari Club denies the allegations of Paragraph 75.

76. To the extent that the allegations of Paragraph 76 state conclusions of law, no response is required. To the extent that the allegations of Paragraph 76 refer to, quote, cite, characterize, and/or paraphrase federal statutes and regulations, judicial rulings, and an Incidental Take Statement, those documents speak for themselves and are the best evidence of their own content. To the extent that any further response is required, Safari Club denies the allegations of Paragraph 76.

77. To the extent that the allegations of Paragraph 77 state conclusions of law, no response is required. To the extent that the allegations of Paragraph 77 refer to, quote, cite, characterize, and/or paraphrase federal statutes and regulations, those

15

documents speak for themselves and are the best evidence of their own content. To the extent that any further response is required, Safari Club denies the remaining allegations of Paragraph 77.

## Claim Two

78. Safari Club realleges and incorporates all of its responses to Paragraphs 1-77.

79. To the extent that the allegations of Paragraph 79 state conclusions of law, no response is required. To the extent that the allegations of Paragraph 79 refer to, quote, cite, characterize, and/or paraphrase federal statutes and regulations, Environmental Assessments, and a national policy, those documents speak for themselves and are the best evidence of their own content. To the extent that any further response is required, Safari Club denies the allegations of Paragraph 79.

## Relief Sought

The final paragraphs of the Amended Complaint constitute a prayer for relief to which no response is required. To the extent that any response is required, Safari Club denies the allegations in these paragraphs.

## AFFIRMATIVE DEFENSES

Without taking on the burden of proof for a matter on which that burden properly rests on Plaintiffs, Safari Club states that the following defenses bar some or all of Plaintiffs' claims:

1. Plaintiffs fail to state a claim for which relief may be granted.
2. Plaintiffs fail to demonstrate standing to assert some or all of their claims.
3. This Court lacks jurisdiction over some or all of Plaintiffs' claims.

4. Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

Safari Club reserves the right to name additional affirmative defenses as they may be discovered after the filing of this [Proposed] Answer and before the final resolution of this matter.

DATED this 23rd day of August, 2019.

Respectfully Submitted,

/s/ Paul A. Turcke
Paul A. Turcke, ISB No. 4759
MSBT LAW, CHARTERED
7699 West Riverside Drive
Boise, ID 83714
Tel: 208-331-1800
Fax: 208-331-1202
pat@msbtlaw.com

*Attorney for Defendant-Intervenor Applicant*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of August, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic filing:

Matthew K. Bishop
Western Environmental Law Center
bishop@westernlaw.org

Peter Frost
Western Environmental Law Center
frost@westernlaw.org

Dana Johnson
Danajohnsonecf@gmail.com

Robert P. Williams
U.S. Department of Justice
Robert.p.williams@doj.gov

/s/ Paul A. Turcke
Paul A. Turcke, ISB #4759
MSBT Law, Chartered
7699 West Riverside Drive
Boise, Idaho 83714
Telephone: 208-331-1800
Facsimile: 208-331-1202
pat@msbtlaw.com