Paul A. Turcke (ISB No. 4759)
MSBT Law
7699 West Riverside Drive
Boise, ID 83714
Telephone: (208) 331-1800
Facsimile: (208) 331-1202
pat@msbtlaw.com

Erik E. Petersen, WSB No. 7-5608
Senior Assistant Attorney General
Wyoming Attorney General's Office
2320 Capitol Avenue
Cheyenne, WY  82002
Telephone: (307) 777-7895
Facsimile: (307) 777-3542
erik.petersen@wyo.gov

*Counsel for Proposed Intervenor State of Wyoming*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILDEARTH GUARDIANS, *et al.* | |
| Plaintiffs, | Case No.  1:19-CV-203-CWD |
| v. | **STATE OF WYOMING'S MEMORANDUM IN SUPPORT OF THE STATE'S MOTION TO INTERVENE** |
| U.S. FOREST SERVICE, U.S. FISH AND WILDLIFE SERVICE, | |
| Defendants. | |

The State of Wyoming submits this memorandum of law in support of its Motion to

Intervene in the above-referenced matter.

Plaintiffs, WildEarth Guardians, Western Watersheds Project, and Wilderness Watch (collectively, "Plaintiffs") challenge the U.S. Forest Service's ("USFS") decision to allow the states of Idaho and Wyoming to regulate the use of bait to hunt black bears on national forest lands in Idaho and Wyoming. (Dkt. No. 1).

Plaintiffs allege the USFS and the U.S. Fish and Wildlife Service ("USFWS") violated Section 7 of the Endangered Species Act ("ESA") by: (1) failing to reinitiate and complete consultation to ensure continued existence of grizzly bears in national forests in Idaho and Wyoming; (2) making irreversible and irretrievable commitments of resources foreclosing the formulation or implementation of alternative measures; (3) issuing food closure orders that exempt bear baiting in certain national forests; and (4) issuing special use authorizations allowing bear baiting.  (Dkt. No. 1).

Plaintiffs further allege that the USFS violated the National Environmental Policy Act ("NEPA") by failing to prepare a supplemental analysis of the environmental effects of its decision to allow the states of Idaho and Wyoming to regulate the use of bait to hunt black bears in national forests.  (Dkt. No. 1).

Wyoming respectfully requests this Court grant its motion to intervene because: (1) Wyoming's motion is timely; (2) Wyoming has a significant protectable interest relating to the property or transaction which is the subject of this case; (3) disposition of this action may impair or impede Wyoming's ability to protect its interest; and (4) the USFS and the USFWS cannot adequately represent Wyoming's interests.

## BACKGROUND

In 1995, the USFS adopted a final, national policy regarding the Use of Bait in Hunting. 60 Fed. Reg. 14720 (Mar. 20, 1995). The purpose of the policy was to clarify the Forest Service's role regarding the regulation of baiting on national forest lands where state laws and regulations allowed the practice. 60 Fed. Reg at 14722. The State of Wyoming is one of the states that allows the use of bait for hunting of black bears and the practice is regulated by the Wyoming Game and Fish Department ("WGFD"). *Wyoming Black Bear Management Plan* (July 20, 2007)[1]. Beginning in 1994 and continuing to present, the WGFD has promulgated rules regarding black bear hunting and the use of bait on public, private, and federal lands within the State of Wyoming. Wyoming Game and Fish Department Rules, <u>Black Bear Hunting Seasons</u>, ch. 3 (March 22, 2017).

During the comment period for the proposed policy, the USFS received a number of comments regarding compliance with NEPA and the need for an environmental assessment ("EA") or environmental impact statement ("EIS"). After reviewing the comments, the USFS prepared an EA. The result of the EA was a Finding of No Significant Impact ("FONSI"), as the USFS determined that an EIS was not needed. 60 Fed. Reg. at 14721.

Section 7(a)(2) of the ESA requires a federal agency to consult with the USFWS to "insure that any action authorized, … is not likely to jeopardize the continued existence of any endangered species…." 16 U.S.C. § 1536(a)(2). The USFS consulted with the USFWS regarding the proposed national policy and its effect on grizzly bears, a listed species. The

---

[1]Available at:
https://wgfd.wyo.gov/WGFD/media/content/PDF/Wildlife/Large%20Carnivore/BLKBEAR_MGMTPLAN.pdf

USFWS issued a biological opinion that concluded that the Forest Service's national policy on use of bait in hunting on national forest lands would not "jeopardize the continued existence of any endangered or threatened species." *Fund for Animals v. Thomas,* 127 F.3d 80, 82 (D.C. Cir. 1997).

Plaintiffs are requesting that this Court: (1) declare the USFS and the USFWS have violated and continue to violate Section 7 of the ESA; (2) declare the USFS has violated and continues to violate Section 7 of the ESA; (3) declare the USFS has violated NEPA; (4) order the USFS and the USFWS to reinitiate and complete consultation under Section 7 of the ESA; and (5) enjoin the USFS to issue closure orders for black bear baiting in areas of national forests in Idaho and Wyoming where grizzly bears may be present. (Dkt. No. 1).

## ARGUMENT

### I.      The State of Wyoming is entitled to intervene as a matter of right.

Federal Rule of Civil Procedure 24(a)(2) provides for intervention as a matter of right when a movant files a timely motion and claims an interest relating to the property or transaction that is the subject of the action and where the disposition of the action may impair or impede the movant's ability to protect its interest. Fed. R. Civ. P. 24(a)(2).

This Court applies a four-part test when determining whether to grant a motion to intervene: (1) the motion must be timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) the existing parties may not adequately represent the applicant's interest. *Wilderness Soc'y*

4

*v. U.S. Forest Serv.,* 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)).

The Court interprets Federal Rule of Civil Procedure 24(a)(2) "broadly in favor of intervention." *Forest Conservation Council v. U.S. Forest Serv.,* 66 F.3d 1489, 1493 (9th Cir. 1995) (citing *Sierra Club* 995 F.2d at 1481). This is because "[a] liberal policy in favor of intervention serves both the efficient resolution of issues and broadened access to the courts." *Wilderness Soc'y,* 630 F.3d at 1179 (quoting *United States v. City of Los Angeles,* 288 F.3d 391, 397-98 (9th Cir. 2002)).

### A.    Wyoming's Motion is Timely.

To determine whether a motion for intervention is timely, the Court considers three factors: (1) the stage of the proceedings; (2) prejudice to other parties; and (3) the reasons for and length of delay. *United States v. Alisal Water Corp.,* 370 F.3d 915, 921 (9th Cir. 2004). Wyoming became aware of this case when the Plaintiffs filed their Complaint on June 5, 2019.  (Dkt. No. 1). The federal Defendants have not yet filed an Answer to the Complaint, have not filed the administrative record, and the Court has not set a briefing schedule. The case is still in the early stages, and allowing Wyoming to intervene will not delay the proceedings or prejudice the other parties. Based on the foregoing, Wyoming's motion is timely.

### B.    Wyoming has a significant protectable interest.

The second prong of the four-part test for intervention is whether the movant has a "significant protectable interest relating to the property or transaction that is the subject of the action[.]" *Wilderness Soc'y,* 630 F.3d at 1177. "Rule 24(a)(2) does not require a specific

legal or equitable interest." *Id.* at 1179 (citing *County of Fresno v. Andrus,* 622 F.2d 436, 438 (9th Cir. 1980)). Rather, the interest test is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Id.* (quotation omitted).

Wyoming has a significant interest in this case because "all wildlife in Wyoming is the property of the state." Wyo. Stat. Ann. § 23-1-103. The Wyoming Game and Fish Commission ("WGFC") and the WGFD "provide an adequate and flexible system for control, propagation, management, protection and regulation of all Wyoming wildlife." *Id.* This includes black bears. Wyoming Game and Fish Department Rules, <u>Black Bear Hunting Seasons</u>, ch. 3.

States' authority over wildlife is federally recognized. "Wildlife within the borders of a state are owned by the state in its sovereign capacity[.]" *O'Brien v. State,* 711 P.2d 1144, 1148-49 (Wyo. 1986) (quoting *Lacoste v. Dept. of Conservation of State of Louisiana,* 263. U.S. 545, 44 S. Ct. 286 (1924)). States have "the power and duty to protect, preserve and nurture the wild game." *Id.* This includes wildlife on federal land if the federal government has authorized a state(s) to do so. 43 C.F.R. § 24.3(b), (c). The USFS has authorized Wyoming to regulate black bears on national forest lands within the state. 60 Fed. Reg. 14720.

In 1994, the WGFD developed the Wyoming Black Bear Management Plan, which was updated in 2007 to "provide direction for future management of black bears in Wyoming." *Wyoming Black Bear Management Plan* (July 20, 2007). The goal of the management plan is to "sustain black bear populations throughout all suitable habitats

6

while maintaining recreational opportunity and managing black bear damage." *Id.* One of the tools used by the WGFD to manage black bear populations is hunting with bait, which allows for fewer females to be harvested. *Id.*

Wyoming also has fiscal resources at stake in the continued use of bait for hunting black bears in Wyoming. The WGFD is primarily financed through the sale of hunting and fishing license fees. Wyo. Stat. Ann. § 23-1-501. The sale of licenses to hunt trophy game, including black bears, provides revenue for WGFD to carry out its wildlife management function. Wyo. Stat. Ann. § 23-1-501(b).

Because this case deals with the use of bait for hunting black bears on national forest lands within the state of Wyoming, and because Wyoming has a duty to manage the wildlife within its borders, Wyoming meets the interest element for intervention.

### C. Wyoming's interests would be impaired.

An intervenor has a sufficient interest for intervention "if it will suffer a practical impairment of its interests as a result of the pending litigation." *Wilderness Soc'y,* 630 F.3d at 1179. (quotation omitted). [T]he interest of a prospective defendant-intervenor may be impaired where a decision in plaintiff's favor would return the issue to the administrative decision-making process, notwithstanding the prospective intervenor's ability to participate in formulating any revised rule or plan." *WildEarth Guardians,* 604 F.3d at 1199. The relief the Plaintiffs seek may adversely affect Wyoming's ability to manage and maintain black bear populations and implement its Black Bear Management Plan. The State of Wyoming has a vested interest in managing, protecting and regulating the wildlife within

its borders, including black bears. The Plaintiffs' success in this case would harm the State, therefore, Wyoming has met the impairment requirement.

### D.     The federal defendants cannot adequately represent Wyoming's interests.

There is a minimal burden in proving the inadequate representation element. A movant must only show "the possibility that representation may be inadequate." *Id.* at 1200. "The possibility that the interests of the applicant and the parties may diverge need not be great in order to satisfy" this element. *Id.* Courts have recognized that it is "on its face impossible" for government agencies to protect the public's interests and the interests of private intervenors. *Id.* "Where a government agency may be placed in the position of defending both public and private interests, the burden of showing inadequacy of representation is satisfied." *Id.*

While Wyoming, the USFS, and the USFWS have the same objective, Wyoming's specific interests differ from the USFS and the USFWS. Wyoming's interests are in protecting its authority to manage, protect and regulate black bear populations within the state. Whereas the USFS and the USFWS interests are in preserving their prior decision. Therefore, the inadequate representation element has been met.

### II.     In the alternative, the Court should grant Wyoming permission to intervene.

If this Court determines that Wyoming does not meet the qualifications for intervention as a matter of right, then the Court should grant Wyoming permission to intervene. Permissive intervention may be granted when a movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P.

24(b)(1)(B). If the applicant satisfies this requirement, the court, "in exercising its discretion, … must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' right." Fed. R. Civ. P. 24(b)(3). Wyoming's defenses share common questions of law and fact with the main action. And granting Wyoming permission to intervene will not delay the current litigation or prejudice the original parties.

## CONCLUSION

For the foregoing reasons, Wyoming respectfully requests that the Court grant the State's motion to intervene.

Submitted this 23rd day of August, 2019.

FOR PROPOSED DEFENDANT-INTERVENOR
STATE OF WYOMING


_____/s/ Paul A. Turcke_____
Paul A. Turcke (ISB No. 4759)
MSBT Law
7699 West Riverside Drive
Boise, ID 83714
Telephone (208) 331-1800
Facsimile: (208) 331-1202
pat@msbtlaw.com

Erik E. Petersen, WSB No. 7-5608
Senior Assistant Attorney General
Wyoming Attorney General's Office
2320 Capitol Avenue
Cheyenne, WY  82002
(307) 777-7895 (phone)
(307) 777-3542 (fax)
erik.petersen@wyo.gov

*Counsel for the State of Wyoming*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of August, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Matthew K. Bishop
Western Environmental Law Center
bishop@westernlaw.org

Peter Frost
Western Environmental Law Center
frost@westernlaw.org

Dana Johnson
Danajohnsonecf@gmail.com

Robert P. Williams
U.S. Department of Justice
Robert.p.williams@doj.gov

/s/ Paul A. Turcke
Paul A. Turcke, ISB #4759
MSBT Law, Chartered
7699 West Riverside Drive
Boise, Idaho 83714
Telephone: 208-331-1800
Facsimile: 208-331-1202
pat@msbtlaw.com