BIOLOGICAL EVALUATION

NATIONAL POLICY ON USE OF BAIT IN HUNTING
ON NATIONAL FOREST SYSTEM LANDS

February 23, 1995

## I. BACKGROUND

On April 14, 1994, the Forest Service issued a proposed policy on the agency's role in regulating the placement of bait for hunting of resident game on National Forest System (NFS) lands. The policy clarifies that the responsibility of bait regulation is by the State agencies and identifies that the Forest Service will no longer use special use permits to regulate baiting on NFS lands. Based on site-specific analysis, areas of NFS lands can be closed to baiting to protect threatened, endangered, or proposed species or their habitats (PET Species). The scope of this action is all types of baiting associated with hunting of resident game on all NFS lands, but it would specifically lift a ban on bear baiting on NFS lands in Wyoming. See the Environmental Assessment for a detailed description of the policy.

A biological evaluation (BE) was completed on an earlier site-specific proposed change in regulation of bear baiting on NFS lands in Wyoming on March 2, 1993 (attached).

## II. EFFECTS

This policy is an administrative action which will not directly affect any listed or proposed species. The administrative procedures outlined in the policy will be effective to mitigate potential conflicts with other resource uses in relation to effects on PET Species. Baiting activity on NFS lands is currently (for the most part) not regulated by the Forest Service. The establishment of a consistent procedure that relies on State regulations to regulate baiting activities, but calls for the use of area closures when needed to protect resource values (including PET species) will benefit listed or proposed species. Species currently listed or proposed that could be attracted by baits and thereby increasing their risk of being shot during legal hunting activities or potentially disturbed through baiting activities associated with legal hunting are the grizzly bear, gray wolf, and bald eagle. Other species would not be affected by this policy. This policy will increase the ability to protect PET species habitat values on NFS lands if conflicts with baiting activities are identified.

For other than NFS lands in Wyoming, specific effects would vary depending upon the area and species involved and cannot be assessed at the programmatic level; but in any case, further analysis would occur (Biological Evaluation) whenever a area closure is proposed - ensuring compliance with the Endangered Species Act (ESA), Section 7 (a) 2.

In Wyoming, the effects of this policy have been analyzed in the Biological Evaluation dated March 2, 1993. There has not been any new listings or species proposed for listing under the ESA since the date of this analysis (within the scope of this analysis) and should still be a current assessment of effects.

III. DETERMINATION OF AFFECT

This national policy will programatically benefit (<u>is not likely to adversely affect</u>) the bald eagle, gray wolf and grizzly bear on NFS lands (excluding Wyoming). This policy will have no affect on any other listed or proposed species, or their critical or proposed critical habitats on NFS lands. In Wyoming, a March 1993 BE determined that bear baiting on NFS lands in Wyoming was <u>not likely to adversely effect</u> the bald eagle and gray wolf, but <u>may affect</u> the grizzly bear.

IV. CONSULTATION REQUIREMENTS

Concurrence of the not likely to adversely affect (benefit) determination on this national policy will be requested of the USDI, Fish and Wildlife Service (FWS). Concurrence from DOC, National Marine Fisheries Service is not needed because species under their jurisdiction would not be affected by this policy.

A biological opinion rendered April 14, 1993, (attached) concluded that the site specific action in Wyoming would not jeopardize the continued existence of the grizzly bear and the FWS concurred with the Forest Service's not likely to adversely affect the bald eagle and gray wolf determination. The Forest Service Regional Office in Denver has informally consulted with the appropriate FWS Field Office and determined that the original Biological Opinion is adequate and that re-initiation of consultation is not needed on the specifics in Wyoming (letter attached).

*[signature]*

RONALD E.F. ESCANO
TES Program Manager

Plaintiffs' Ex. 3, Case No. 1:19-cv-00203-CWD