JEAN E. WILLIAMS
Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
ROBERT P. WILLIAMS
Sr. Trial Attorney (D.C. Bar No. 474730)
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0206
Facsimile: (202) 305-0275
Email: robert.p.williams@usdoj.gov

**Attorneys for Defendants**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILDEARTH GUARDIANS, WESTERN WATERSHEDS PROJECT, and WILDERNESS WATCH, | )<br>)<br>) **Case No. 1:19-cv-00203-CWD** |
| Plaintiffs, | )<br>) |
| vs. | ) **DEFENDANTS' REPLY**<br>) **IN SUPPORT OF THEIR**<br>) **MOTION TO DISMISS COUNT I** |
| UNITED STATES FOREST SERVICE and UNITED STATES FISH & WILDLIFE SERVICE, | )<br>)<br>) |
| Defendants. | )<br>) |

Plaintiffs' opposition to Defendants' motion to dismiss is no opposition at all. Plaintiffs do not dispute the crux of the motion, which is that a "failure to reinitiate" claim is moot where, as here, the underlying consultation documents are null and void, and that Plaintiffs lack standing.[1] Plaintiffs have effectively conceded Defendants' motion. The Court should dismiss Count I as moot, and it need proceed no further with Plaintiffs' arguments. At bottom, Plaintiffs' response is that the consultation documents should not have been rescinded, which is not the issue presented. The documents have been rescinded, and Plaintiffs cannot change that fact through an opposition. Plaintiffs are implicitly requesting declaratory and injunctive relief against the Rescission Decision – which is itself a new agency action – without having filed a complaint or motion, or complied with the Endangered Species Act's ("ESA") notice requirement, which is a jurisdictional bar. Plaintiffs are aware of this deficiency, as shown by the fact that, on August 12, 2020, they provided notice of their intent to sue on the very same claims they offer in their opposition. *See* Ex. A. Plaintiffs may not use their opposition to evade the ESA's notice requirement and the rules of civil procedure.

Regardless, Plaintiffs' new claims have no merit and do not affect the outcome. Plaintiffs disagree with the decision to rescind the consultation documents, but they cannot show that it was arbitrary and capricious to find consultation unnecessary given the rescission of the Region 2 policy in 1993, the D.C. Circuit's ruling in *Fund for Animals v. Thomas*, 127 F.3d 80 (D.C. Cir. 1997), this Court's recent ruling in *WildEarth Guardians v. USFS*, 2020 WL 2239975 (D. Idaho May 7, 2020) (Dale, J.), and the Ninth Circuit's ruling in *Western Watersheds Project v. Matejko*, 468 F.3d 1099 (9th Cir. 2006). Plaintiffs simply cannot overcome these facts and authorities. They nominally argue – in contravention of them – that USFS' Region 2 policy and national policy require consultation, but ultimately confess that they do not know "whether the BiOp was based on 'agency action' under

---

[1] Defendants will use "Rescission Decision" to refer collectively to USFS' rescission of its requests for the 1993 and 1995 consultations, as well as FWS' rescission of the corresponding 1993 biological opinion ("BiOp") and 1995 letter of concurrence ("LOC"). ECF Nos. 38-2 & 28-3.

Section 7(a)(2), as Guardians alleges in its amended complaint, AC ¶ 77." ECF 40 at 19. That is a remarkable admission. Plaintiffs can neither invoke the jurisdiction of this Court nor defeat a motion to dismiss by simply shrugging off whether they have a claim. Nor can Plaintiffs defeat dismissal by asking to go on a fishing expedition through administrative records for evidence of a new claim. It is irrefutable that the consultation documents underlying Count I have been rescinded and are devoid of legal effect. Nothing in an administrative record would change that and "un-moot" the claim.

In sum, the Court should dismiss Count I as moot, a point that Plaintiffs have effectively conceded. The Court has everything it needs to make that ruling. The Court can rule based on the face of the complaint, which alleges a failure to reinitiate, and the Rescission Decision, which renders the consultation documents upon which the claim is based null and void. Plaintiffs may not continue to litigate a claim alleging a failure to reinitiate consultations that are inoperative, nor can they litigate newly-hewed claims that the consultations should not have been rescinded. Regardless, even if the Court reaches Plaintiffs' new claims, it should dismiss Count I nonetheless as the new claims have no merit. Dismissal would leave Plaintiffs free to challenge the Rescission Decision in a new suit. And the Freedom of Information Act ("FOIA") provides recourse to review agency documents. Administrative records are unnecessary and inappropriate here.

## ARGUMENT

I.   **Plaintiffs Have Failed to Establish Subject Matter Jurisdiction to Adjudicate Count I**

    A.   **Plaintiffs Have Effectively Conceded that Count I is Moot**

It is well understood that "when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002); *Personal Elec. Transports v. Office of U.S. Tr.*, 313 Fed. Appx. 51, 52 (9th Cir. 2009); *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006); *Harris v.*

2

*Roderick*, 933 F. Supp. 977, 984 (D. Idaho 1996), *aff'd*, 126 F.3d 1189 (9th Cir. 1997); *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009).

Here, Plaintiffs cannot dispute that the 1993 BiOp and 1995 LOC are null and void, and they have not disputed the crux of Defendants' motion, which is that a failure to reinitiate claim is jurisdictionally moot where the underlying consultation documents are null and void. ECF 38-1 at 10-14. A declaratory opinion regarding inoperative consultation documents would be purely advisory, and no injunctive relief is available on Count I. *Id.* Plaintiffs also have not disputed that they lack Article III standing. ECF 38 at 14 n.7. As such, these points are conceded. Plaintiffs' concession that Count I is moot and that they lack standing should be dispositive of Defendants' motion. Plaintiffs cannot "un-moot" Count I by quarreling with the Rescission Decision.

### B.  Plaintiffs Cannot Challenge the Rescission Decision through their Opposition

At bottom, Plaintiffs' defense depends on reversing the Rescission Decision, which they cannot do here. Plaintiffs launch three new claims against the Rescission Decision itself and, based on their own assessment of the merit of those claims, proclaim that "the BiOp and ITS remain legally operative." *Id.* at 11-19, 12 n.11. That is plainly incorrect. "A claim raised for the first time in briefing on a motion to dismiss may not be considered." *Conservation Force*, 677 F. Supp. 2d at 1211 (disregarding new ESA section 7 claim asserted by the plaintiff in opposition to the defendants' motion to dismiss, citing *Stallcop v. Kaiser Found. Hosp.*, 820 F.2d 1044, 1050 n.5 (9th Cir. 1987)). The Rescission Decision is a new final agency action in its own right, *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997), with its own legal effect, which is to render the 1993 BiOp and ITS and 1995 LOC null and void.[2] Plaintiffs cannot strip the Rescission Decision of its legal effect through accusation in an opposition. ECF 40 at 9-19; *contra Bennett*, 520 U.S. at 177-78; Fed. R. Civ. P. 3, 4, 7, 8, 15. In reality,

---

[2] As new agency action taken by USFS and FWS on June 26, 2020 to rescind prior agency actions, based on independent, and contemporaneous, rationales, the Recission Decision is plainly not a *post hoc* rationale. ECF 40 at 18. The Rescission Decision is patently rational and fully explained.

3

Plaintiffs are requesting a declaratory judgment and injunction against the Rescission Decision without properly pleading any claims for relief or filing a motion that could entitle them to such relief. Fed. Rule Civ. P. 7. In fact, Plaintiffs are attempting to evade the ESA's notice requirement, which is a mandatory prerequisite to the exercise of subject matter jurisdiction under the ESA. 16 U.S.C. § 1540(g)(2)(A)(i); *Sw. Ctr. for Biol. Dvty. v. BOR*, 143 F.3d 515, 520-22 (9th Cir. 1998); *Save the Yaak Comm. v. Block*, 840 F.2d 714, 721 (9th Cir. 1988); *Lone Rock Timber Co. v. DOI*, 842 F. Supp. 433, 440 n.3 (D. Or. 1994). The failure to provide notice bars challenge to the Rescission Decision.[3]

In sum, the Court can and should dismiss Count I as moot without reaching Plaintiffs' new claims challenging the Rescission Decision, as they are not properly before the Court. Dismissing Count I would leave Plaintiffs free to pursue any challenges to the Rescission Decision in a new complaint. As evidenced by their notice letter, Plaintiffs are prepared to do just that. Ex. A.

## II.     If the Court Reaches Plaintiffs' New Claims, It Will Find They Have No Merit

### A.     FWS Has the Legal Authority to Rescind a BiOp Absent Federal Action

Plaintiffs' lead claim is that a consulting agency "ha[s] no authority to rescind a BiOp . . . except by reinitiating consultation." ECF 40 at 11. First, this is a red herring. The 1993 BiOp is irrelevant because it was prepared solely to analyze the "administration of the placement of baits on FS lands in Wyoming" (ECF 40-2 at 1), and that policy "was never implemented" (*Fund for Animals*, 127 F.3d at 82).[4] Rather, USFS rescinded it "and bear baiting in national forests in Wyoming was prohibited pending issuance of national direction." 59 Fed. Reg. 11,765-01, 11,766 (Mar. 14, 1994); 59 Fed. Reg. 17,758-02, 17,759 (April 14, 1994). That direction came in 1995 via the national policy

---

[3] While the ESA's notice requirement applies to any claim brought under the citizen suit provision, 16 U.S.C. § 1540(g)(1)(A), against USFS, it would not apply to a claim brought under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, against FWS. *Bennett*, 520 U.S. at 171-77.
[4] The D.C. Circuit was not "wrong" to find that the Region 2 policy was never implemented (ECF 40 at 17), but regardless, whether it was ever *implemented* is irrelevant. What matters here is that it was *rescinded*. ECF 12 at ¶ 23. The Region 2 policy is null and void and cannot be a federal action that somehow prevented rescinding the 1993 BiOp. Plaintiffs' claim that the Region 2 policy somehow remains in effect because of a 1993 MOU between USFS and Wyoming is baseless. *Infra* § II.B.

(60 Fed. Reg. 14,720 (Mar. 20, 1995). Precisely because the 1995 national policy was not addressed by the 1993 BiOp, USFS did a separate ESA consultation on the national policy, which terminated with the 1995 LOC. 50 C.F.R. § 402.13(c). Plaintiffs do not dispute that FWS had the authority to withdraw the 1995 LOC on the operative national policy. Plaintiffs' argument regarding the 1993 BiOp on the inoperative Region 2 policy is misplaced. There was no BiOp on the national policy.[5]

Regardless, Plaintiffs' argument that FWS lacked the authority to rescind the 1993 BiOp is incorrect. The ESA permits consulting agencies to withdraw BiOps without reinitiating consultation, and the Supreme Court has affirmed the practice under circumstances analogous to this case. In *Defs. of Wildlife v. Flowers*, No. CIV 02-195-TUC-CKJ, 2003 WL 22145708 (D. Ariz. Aug. 18, 2003), FWS withdrew its BiOp at the request of the action agency after it determined that it had not engaged in federal action for Section 7 purposes. FWS declared the BiOp "null and void and without effect." *Id.* at *2. There is no indication that the agencies reinitiated consultation to do so.

---

[5] Plaintiffs' claim that the 1995 national policy was somehow "implemented under the consultation and take immunity of the 1993 BiOp" (ECF 40 at 18) is incorrect. The nine-page 1993 BiOp did not purport to analyze the effects of a national policy to be enacted later. Indeed, Plaintiffs' claim is belied by the fact that USFS was sued in *Fund for Animals* for precisely *not* having completed formal consultation and obtained a BiOp on the national policy. Plaintiffs conflate the 1993 BiOp and 1995 LOC so that they can build a straw man argument that the Rescission Decision could only have been authorized by the "Termination of consultation" regulations found at 50 C.F.R. § 402.14(m). ECF 40 at 12-14. Having created this straw man, Plaintiffs attempt to knock it down by arguing that the Section 402.14 regulations do not apply here because consultation was terminated "when the BiOp was issued in 1993." ECF 40 at 12. But the national policy is operative, and it was addressed through informal consultation in 1995 (not the 1993 BiOp on the rescinded Region 2 policy), and the Section 402.14 regulations apply to "formal consultation." Moreover, Defendants never contended these regulations were the "legal authority for their decision to rescind the BiOp." *Id.* at 12. These regulations are not mentioned in the Rescission Decision itself. Defendants cited the regulations in their motion to illustrate that "the prior consultations have no precedential value." ECF 38 at 16 n.8. Meaning, reinitiated consultation cannot be required simply because consultation was at one time commenced. Rather, as the regulations recognize, consultation can be started and yet not completed. Nonetheless, Plaintiffs erroneously offer that very argument in response: the agencies had no choice but to complete reinitiated consultation for no other reason than that they previously consulted in 1993. At bottom, the takeaway is that no regulation governs the withdrawal of a LOC or a BiOp. This is not surprising, as the ESA does not require consultation in the first instance where there is no federal action. As explained below, Plaintiffs essentially ask this Court to judicially create a rule that reinitiated consultation must be completed on a finding of no federal action, which would contradict the basic scheme of Section 7 and Supreme Court precedent.

The court ruled that the plaintiffs' challenge to the BiOp was mooted by its withdrawal, and also failed for lack of statutory standing. *Id.* at *5. The result here should be the same. Indeed, the Supreme Court eventually took up the case in *Nat'l Ass'n Home Builders v. Def. of Wildlife*, 551 U.S. 644 (2007) and affirmed the withdrawal, noting that "the fact that the agencies changed their minds" about the need to consult was "something that, as long as the proper procedures were followed, they were fully entitled to do." *Id.* at 658-59. Those procedures did not include reinitiating consultation.

Plaintiffs have no response to *Home Builders*. ECF 38 at 16 n.8. They simply ignore it and ask this Court to amend the ESA to their liking, while making several key misrepresentations.[6] Fundamentally, the ESA requires consultation only where there is a federal action that "may affect" listed species or critical habitat. 16 U.S.C. § 1536(a)(2); 50 C.F.R. §§ 402.14(a), 402.02. USFS' finding of no federal action here was functionally a finding of "no effect," and the Ninth Circuit has made it abundantly clear that an action agency may "reach its own 'no effect' conclusion . . . without consultation." *Nat'l Fam. Farm Coal. v. EPA*, 966 F.3d 893, 924 (9th Cir. 2020) (citing *Friends of Santa Clara River v. USACE*, 887 F.3d 906 (9th Cir. 2018)). Plaintiffs' claim that USFS was required to consult contradicts the fact that, "if the action agency finds 'that its action will have no effect on listed species or critical habitat' . . . it need not consult with the expert [consulting] agencies." *Nat'l Fam. Farm Coal.*, 966 F.3d at 922; *accord* ESA Consultation Handbook at xvi ("no effect" defined).

The Consultation Handbook explains (at 3-12) that, "[a]lthough not required, an action agency may request written concurrence from the Services that the proposed action will have no effect on listed species or critical habitat." Here, USFS engaged in thoughtful deliberations with FWS before it determined that its policy statements were not actions within the meaning of Section 7. ECF Nos. 38-2 & 28-3. USFS and FWS each considered whether reinitiation of consultation was

---

[6] Importantly, FWS did not *revise* or *modify* the BiOp as Plaintiffs assert. ECF 40 at 13, 19. FWS *rescinded* it altogether due to USFS' finding of no federal action. Revising a BiOp where a federal action exists is a wholly different proposition than rescinding a BiOp where one does not. For obvious reasons, the former may require reinitiation of consultation, whereas the latter does not.

6

required under these unique circumstances, and each agency concluded it was not. *Id.* No further action was required. Plaintiffs' contention that USFS and FWS were required to complete some sort of additional unidentified consultation procedures before they could determine that those procedures were not required, has no basis in the ESA and defies common sense.

### B.   The Rescission Decision Fully Comports with the ESA and APA

A "no effect" determination is subject to the APA's "deferential review" standard, which presumes agency action to be valid and allows it to be set aside "only if the agency relied on factors Congress did not intend it to consider, entirely failed to consider an important aspect of the problem, or offered an explanation that runs counter to the evidence before the agency or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Nat'l Family Farm Coal.*, 966 F.3d at 923. Here, it was patently reasonable to revisit the 1993 BiOp and 1995 LOC and rescind them where: (1) the Region 2 policy had subsequently been rescinded; (2) the D.C. Circuit had subsequently ruled that the national policy is not "a 'major federal action'" under the National Environmental Policy Act ("NEPA"), and suggested it "may not constitute 'action' at all," in which case "there most probably would have been no 'agency action' to trigger the ESA consultation requirement" (*Fund for Animals*, 127 F.3d at 81-82, 83 n.3, 84 n.6); (3) this Court had just found the policy is not "ongoing or proposed federal action" under NEPA (*WildEarth Guardians*, 2020 WL 2239975 at *7); and (4) the Ninth Circuit had subsequently ruled that ESA consultation was not required under highly analogous circumstances, *Matejko*, 468 F.3d 1099. *See also Cal. Sportfishing Prot. All. v. FERC*, 472 F.3d 593 (9th Cir. 2006). Plaintiffs just have a different view.

Indeed, Plaintiffs ignore this Court's ruling entirely, and have no real answer to *Fund for Animals*,[7] making no attempt to square either ruling with their claims of federal action, which are not

---

[7] USFS had no need to strictly contest the federal action issue in *Fund for Animals* since it had completed an environmental assessment ("EA") under NEPA and consulted under the ESA, but it did note that it "not only complied with NEPA and the ESA, but it overcomplied by conducting an

based on anything that did not exist when the courts ruled. Plaintiffs cannot escape the rulings so easily. Given that USFS had completed an EA, consulted under the ESA twice, and was not expressly disputing the existence of federal action, it is telling that, in upholding USFS' NEPA and ESA compliance, the D.C. Circuit went out of its way to make it clear that it was *not* ruling that compliance with either statute had, in fact, been triggered. Even more telling is that the Court went even further out of its way to affirmatively suggest that compliance had *not*, in fact, been triggered because the national policy "may not constitute 'action' at all." *Fund for Animals*, 127 F.3d at 83, n.3. The D.C. Circuit's ruling that USFS had merely "maintained the substantive *status quo*" to start with, *id.* at 84, bookended by this Court's recent ruling that USFS is not presently undertaking any "ongoing or proposed federal action" that could require supplemental NEPA analysis, *WildEarth Guardians*, 2020 WL 2239975 at *7, is a powerful demonstration of the Rescission Decision's reasonableness. The Rescission Decision clears the APA's bar with room to spare. ECF 38 at 7-9.

Plaintiffs simply mischaracterize *Matejko*. ECF 40 at 16-17. The alleged federal action there was more than mere "acquiescence" to water diversions. The agency issued a policy statement and regulations deciding not to exercise the discretion it possessed to regulate the diversions, analogous to USFS' policy statement here not to exercise its discretion to regulate hunting with bait. Plaintiffs assert that no discretion was retained in *Matejko* to regulate the diversions, but some discretion plainly was, in fact, retained, analogous to USFS' retained discretion here. *Compare Matejko*, 468 F.3d at 1110 *with* 60 Fed. Reg. at 14,720. At bottom, Plaintiffs fail to acknowledge the two key takeaways from *Matejko*: neither a decision not to exercise discretion, nor the mere existence of discretion, is ESA Section 7 action. There must be an affirmative federal act to trigger the duty to consult. No

---

[EA] that was unnecessary." Ex. B at 47. Similarly, in the district court, USFS maintained "that its policy of *laissez faire* is essentially one of inaction, i.e., a considered judgment to do nothing about game-baiting by leaving to the several states the responsibility for regulating the hunting of their wildlife, including baiting, unless and until a federal interest is seen to be imperil[]ed in individual cases by an officer on the scene." *Fund for Animals v. Thomas*, 932 F. Supp. 368, 370 (D.D.C. 1996).

such act exists here. Plaintiffs' assertion that USFS is the "entity responsible for the challenged decisionmaking" (ECF 40 at 17), contradicts *Matejko*, *Fund for Animals*, and *WildEarth Guardians*, and their own complaint, ECF 12 ¶¶ 15, 27-29. USFS did not authorize, fund, or carry out any bear hunting with bait by reaffirming its longstanding practice of deferring to the states to regulate hunting practices. 16 U.S.C. § 1536(a)(2). The states authorize the practice.

In fact, for reinitiated consultation to be triggered, there must not only be a federal action, but a federal action that is causing specific, enumerated effects. 50 C.F.R. § 402.16(a). Plaintiffs cannot plausibly maintain that USFS' monitoring of state regulations or issuance of food storage or closure orders consistent with the national policy of deferring to state regulation of baiting are Section 7 actions, much less are the cause of the effects that Plaintiffs allege require reinitiation.[8] The 1993 ITS was a plainly not a federal action requiring consultation. An ITS is a byproduct of consultation itself, not an independent action requiring further consultation. Plaintiffs would have this Court turn consultation into a never-ending do-loop. Plaintiffs also point to an "apparent" 1993 Memorandum of Understanding ("MOU") that is not mentioned in their complaint, either of the *Fund for Animals* opinions, or the body of the 1995 EA. ECF 40 at 2, 4, 12, 15, 17, 20. If this MOU was even executed, it either expired or was replaced 22 years ago. USFS Handbook (FSH) 1509.11_61.1(7) (MOUs expire after five years).[9] Also, the MOU would not have been an ESA Section 7 action for the same reasons the Region 2 policy was not. At most, the MOU would have reflected the Region 2 policy that Wyoming would regulate "through [its] State Game Regulations" (ECF 40-2 at 2), and that policy was rescinded and superseded by the national policy. ECF 12 ¶ 23; *supra* § II.A. In short, an obsolete, 27-year-old MOU on a rescinded Region 2 policy of deferring to state regulation of baiting cannot prove the Rescission Decision arbitrary and capricious.

---

[8] Indeed, directly contrary to what they argue now, in their opposition to dismissal of Count II, Plaintiffs contended it was USFS' "*failure* to regulate, issue closure orders, and reinitiate consultation" that constituted major federal action under NEPA. ECF 29 at 20 (emphasis added).
[9] Available at https://www.fs.fed.us/cgi-bin/Directives/get_dirs/fsh?1509.11.

9

### III. Plaintiffs May Not Avoid Dismissal by Asking to Search for Evidence of a Claim

In the end, Plaintiffs confess that they do not know "whether the BiOp was based on 'agency action' under Section 7(a)(2), as Guardians alleges in its amended complaint, AC ¶ 77." ECF 40 at 19. This, too, should be dispositive. The Court cannot defer Defendants' objection to its jurisdiction, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998), nor can it deny dismissal to allow Plaintiffs to conduct a search for evidence of a claim, *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) (a plaintiff may not "plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss") (citation omitted), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (complaint must include enough "factual enhancement [to cross] the line between possibility and plausibility"). "It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process." *Id.* at 559 (citation omitted). "[A] plaintiff cannot use the discovery process to find, in the first instance, facts to support general claims advanced against a defendant." *Mt. Holly Ctzns. in Act. v. Twp. of Mt. Holly*, 2009 WL 3584894, at *12 (D.N.J. Oct. 23, 2009). A deficient claim should "be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 557–58 (citations omitted). Here, nothing in an administrative record would alter the fact that the 1993 BiOp and 1995 LOC are null and void, and Plaintiffs are not entitled to records upon which to press claims challenging the Rescission Decision or conduct a search for evidence of some other new claim. Plaintiffs can cite no case denying dismissal to allow a search for evidence of a claim.

### CONCLUSION

As set forth in Defendants' motion, and above, the Court should dismiss Count I.

Dated: September 18, 2020

/s/ *Robert P. Williams*
Robert P. Williams, Sr. Trial Attorney
U.S. Department of Justice
**Attorney for Defendants**

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of September, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Matthew Kellogg Bishop
bishop@westernlaw.org

Peter M.K. Frost
frost@westernlaw.org

Dana M. Johnson
danajohnsonecf@gmail.com

/s/ *Robert P. Williams*
Robert P. Williams
Sr. Trial Attorney
U.S. Department of Justice