

| | |
|---|---|
| **Headquarters** | **Offices** |
| 120 Shelton McMurphey Blvd. | Portland, Oregon |
| Suite 340 | Seattle, Washington |
| Eugene, Oregon 97401 | Taos, New Mexico |
| (541) 485-2471 | Santa Fe, New Mexico |
| info@westernlaw.org | Helena, Montana |

Defending the West    westernlaw.org

## Western Environmental Law Center

Via Certified Mail: Return Receipt Requested

August 6, 2020

David Bernhardt
Secretary, U.S. Department of the Interior
1849 C Street, N.W.
Washington, D.C. 20240

Aurelia Skipwith
Director, U.S. Fish and Wildlife Service
1849 C Street, N.W.
Washington, D.C. 20240

Gary Frazer
Assistant Director, Ecological Services, U.S.
Fish and Wildlife Service
1849 C Street, N.W.
Washington, D.C. 20240

Sonny Purdue
Secretary, U.S. Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C. 20250

Vicki Christiansen
U.S. Forest Service
1400 Independence Avenue, S.W.
Washington, D.C. 20250

Allen Rowley
Associate Deputy Chief, U.S. Forest Service
1400 Independence Avenue, S.W.
Washington, D.C. 20250

Re:   Sixty-Day Notice of Intent to Sue Re Unlawful Rescission of Biological
      Opinion, and Failure to Prepare a Biological Opinion.

Dear Sirs/Mesdames,

On behalf of WildEarth Guardians, Western Watersheds Project, Wilderness Watch, and
Friends of the Clearwater ("Notifiers"), I write to respectfully ask that you remedy ongoing
violations of the Endangered Species Act ("ESA") by the U.S. Forest Service ("Forest Service")
and U.S. Fish and Wildlife Service ("FWS").

The Forest Service and FWS have unlawfully rescinded a Biological Opinion ("BiOp")
and Incidental Take Statement ("ITS") concerning the Forest Service's regulation of the use of
bait in hunting, first on national forests in Wyoming in 1993, later adopted for a Forest Service
national policy in 1995. The ITS required the Forest Service to monitor the use of bait in hunting
on national forests, and it and FWS were required to reinitiate consultation if implementing the
policy resulted in any incidental take of grizzly bears. Since the ITS was issued, grizzly bears
have been taken at bait sites in national forests, so the amount or extent of take in the ITS has
been exceeded. Further, new information exists related to the effect of baiting on grizzly bears
that requires reinitiation of consultation. However, instead of reinitiating consultation, the Forest
Service and FWS unlawfully rescinded the BiOp and ITS. 16 U.S.C. § 1536(a)(2); 50 C.F.R. §

402.16(a)(1). This letter constitutes notice of intent under Section 11(g) of the ESA, 16 U.S.C. § 1540(g) to sue the agencies for rescinding the BiOp and ITS before any new litigation related to those decisions is filed.

1.      Background.

        Through the early 1990s, some states authorized hunters to use bait in national forests. *Use of Bait in Hunting*, 59 Fed. Reg, 11,765, 11,766 (March 14, 1994). For a period through 1992, certain units of the Forest Service required individual hunters and commercial guides who served hunters to obtain a special use permit to use bait. In 1993, the Forest Service issued an EA to consider black bear baiting in national forests in Wyoming. The Forest Service prepared a Biological Evaluation to assess whether its actions would affect ESA-listed species, including grizzly bears, prepared an Environmental Assessment under NEPA, and consulted with FWS under Section 7 of the ESA. Subsequently, FWS issued a BiOp and ITS. Among other things, the ITS provides that the Forest Service and FWS shall reinitiate consultation if a grizzly bear is taken at a bait station in a national forest in the contiguous states.

        Subsequently, the Forest Service issued closure orders to prevent the use of bait in certain areas that grizzlies may inhabit. In 1994, the Forest Service published an interim national bait policy that generally leaves to states whether to authorize bait in national forests. 59 Fed. Reg. 11,765 (April 14, 1994). In 1995, the Forest Service prepared an EA to consider permanently adopting the national policy. The Forest Service and FWS again consulted under Section 7 of the ESA. In March, 1995, the Forest Service adopted the national policy as a rule. 60 Fed. Reg. 14,720 (March 20, 1995).

        Currently, among the contiguous states, Idaho and Wyoming allow the use of bait to hunt black bears in national forests. Further, Idaho and Wyoming allow the use of bait in areas in national forests that grizzly bears may inhabit. Moreover, since the Forest Service adopted its national policy, and since it consulted with FWS to obtain the BiOp and ITS, grizzly bears have been killed by black bear hunters using bait in national forests in Idaho and Wyoming.

        In 2019, most Notifiers sued the Forest Service and FWS in the U.S. District Court for the District of Idaho, seeking to compel the agencies to reinitiate consultation. *WildEarth Guardians v. U.S. Forest Serv.*, Case No. 1:19-cv-00203 (D. Idaho) (Dkt. 1, June 5, 2019). Subsequently, the Forest Service and FWS agreed to "rescind" and "withdraw[]" the BiOp and ITS.

2.      Violations of Section 7 of the ESA.

        The agencies' actions violate Section 7 of the ESA, and other laws, in numerous ways. First, the regulatory provision the agencies relied on to rescind the BiOp and ITS authorizes the termination of consultation before—not after—a BiOp is issued. *Compare* 50 C.F.R. § 402.14(m)(2) (authorizing the action agency to terminate consultation upon determining that the proposed action is not likely to occur); *with* 50 C.F.R. § 402.14(m)(1) (providing that consultation terminates with the issuance of a BiOp. Second, the agencies are incorrect that a Wyoming rule was "never implemented," because it was "rescinded … shortly after it was proposed." The Forest Service implemented closure orders to implement its actions in Wyoming. Third, the Forest Service continues to implement its national policy in the context of food storage

closure orders. Fourth, the national policy has been implemented under the consultation and take immunity of the 1993 BiOp and ITS. Fifth, the agencies' actions are predicated on the erroneous conclusion of law that there was no 'agency action' requiring consultation in the first place, and its assertions now are impermissible post hoc rationalizations.

If these violations are not corrected within 60 days, we intend to pursue legal action on behalf of our clients. If you have any questions, or would like to discuss this matter further, please contact me.

Sincerely,

/s/ Peter M. K. Frost
Peter M. K. Frost
Attorney
Western Environmental Law Center
120 Shelton McMurphey Blvd., Eugene, OR
541-359-3245
frost@westernlaw.org

3