JEAN E. WILLIAMS
Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
ROBERT P. WILLIAMS
Sr. Trial Attorney (D.C. Bar No. 474730)
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0206
Facsimile: (202) 305-0275
Email: robert.p.williams@usdoj.gov

***Attorneys for Defendants***

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILDEARTH GUARDIANS, WESTERN WATERSHEDS PROJECT, and WILDERNESS WATCH, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| UNITED STATES FOREST SERVICE and UNITED STATES FISH & WILDLIFE SERVICE, | ) ) ) |
| | ) |
| Defendants. | ) |

**Case No. 1:19-cv-00203-CWD**


**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THEIR COMPLAINT (ECF 43, 46)**

## TABLE OF CONTENTS

**PAGE**

INTRODUCTION ................................................................................................................................1

ARGUMENT ......................................................................................................................................5

    I.      The Court Is Not Required to Allow Plaintiffs to Challenge the "Lawfulness" of the Rescission Decision Before It Can Resolve Defendants' Pending Motion to Dismiss on Mootness Grounds ................................................................................................................ 5

    II.     The Rescission Decision Must Be Challenged In a New Case Because It is an Independent, Presumptively-Valid Final Agency Action .....................................................7

    III.    Whether or Not the Court Allows Plaintiffs to Supplement their Complaint, an Answer, Administrative Records, and Discovery Are Unnecessary ...............................10

CONCLUSION .................................................................................................................................15

## TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE**

*Affiliates, Inc. v. Armstrong,*
No. 1:09-CV-00149-BLW, 2011 WL 3678938 (D. Idaho Aug. 23, 2011)....................................7, 10

*All. for the Wild Rockies v. Kruger,* 15 F. Supp. 3d 1052 (D. Mont. 2014) ....................................9

*All. for the Wild Rockies v. Kruger,* 664 F. App'x 674 (9th Cir. 2016)................................................9

*Am. Bankers Ass'n v. Nat'l Credit Union Admin.,* 271 F.3d 262 (D.C. Cir. 2001) ..............................11, 13

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) .........................................................................................14

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) .........................................................................14

*Bennett v. Spear,* 520 U.S. 154 (1997) .........................................................................................5

*Berardinelli v. Castle & Cooke,* 587 F.2d 37 (9th Cir. 1978) .........................................................12

*Citizens to Pres. Overton Park, Inc. v. Volpe,* 401 U.S. 402, (1971) .................................................11

*Ctr. for Biological Diversity v. Salazar,*
No. CV 07-0038-PHX-MHM, 2010 WL 3924069 (D. Ariz. Sept. 30, 2010) ......................................8

*DiBacco v. U.S. Army,* 795 F.3d 178 (D.C. Cir. 2015) ...............................................................11

*Fannon v. Oliver-Estes,* No. 317CV05790BHSTLF, 2018 WL 3321243 (W.D. Wash. May 11, 2018)...15

*Fund for Animals v. Thomas,* 127 F.3d 80 (D.C. Cir. 1997).........................................................14

*Mt. Holly Ctzns. in Act v. Twp. of Mt. Holly,* 2009 WL 3584894 (D.N.J. Oct. 23, 2009) .........................15

*Nat'l Fam. Farm Coal. v. EPA,* 966 F.3d 893 (9th Cir. 2020) ......................................................5

*Planned Parenthood v. Neely,* 130 F.3d 400 (9th Cir. 1997) .......................................................8, 9

*San Luis & Delta-Mendota Water Auth. v. Jewell,* 747 F.3d 581 (9th Cir. 2014) ...........................2

*Sierra Club v. U.S. Fish & Wildlife Serv.,* 245 F.3d 434 (5th Cir. 2001)................................11, 13

*Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817 (9th Cir. 1995) ...........................................................12

*Del. Dep't of Nat. Res. & Envtl. Control v. U.S. Army Corp of Eng'rs*,
    722 F. Supp. 2d 535 (D. Del. 2010) ...........................................................................11

*Stand Up for Cal. v. U.S. Dep't of Interior*, 71 F. Supp. 3d 109 (D.D.C. 2014) ...........................................11

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)...............................................................................6

*U.S. Dep't of Justice v. Julian*, 486 U.S. 1 (1988) .............................................................................................11

*U.S. Dep't of State v. Ray*, 502 U.S. 164 (1991) ...............................................................................................11

*W. Watersheds Project v. U.S. Forest Serv.*,
    No. 4:07-CV-151-BLW, 2012 WL 2019961 (D. Idaho June 4, 2012) ...................................9

*W. Watersheds Project v. U.S. Forest Serv.*,
    No. CV-05-189-E-BLW, 2009 WL 3151121 (D. Idaho Sept. 26, 2009) ...........................10

*W. Watersheds Project v. Matejko*, 468 F.3d 1099 (9th Cir. 2006)....................................................................14

*WildEarth Guardians v. U.S. Forest Serv.*
    No. 1:19-cv-00203-CWD, 2020 WL 2239975 (D. Idaho May 7, 2020).............................1, 4, 13, 14

*Winter v. Nat. Res. Def. Council*, 555 U.S. 7 (2008) ...........................................................................................6

## STATUTES

5 U.S.C. § 552 ..................................................................................................................................................11
5 U.S.C. § 706 .............................................................................................................................................. 2, 11

## FEDERAL REGULATIONS

Fed. R. Civ. P. 1 ..................................................................................................................................................4
Fed. R. Civ. P. 7(b)(1)...................................................................................................................................... 6, 7

## INTRODUCTION

As the Court is aware, Defendants filed a motion to dismiss almost exactly four months ago, on July 17, 2020.  ECF 38, 41.  That motion has been fully briefed for nearly two months, since September 18, 2020, and it is currently scheduled for hearing on December 17, 2020.  ECF 48. Defendants filed their motion pursuant to the express agreement of the parties and the Scheduling Order of this Court.  ECF 36; ECF 37 ¶ 1.  The parties have agreed, and this Court has expressly ordered, that "[a]ll other current proceedings in this case are **STAYED** pending resolution of the prospective motion to dismiss."  ECF 37 ¶¶ 1, 4.  Inexplicably, however, just as Defendants' longstanding motion is now poised for resolution as the parties agreed, Plaintiffs have filed a motion to supplement their complaint with a challenge to the Rescission Decision[1] – which forms the very basis of Defendants' motion.  ECF 43, 46.  Plaintiffs imply that, based on this supplemental claim, the Court should compel Defendants to file an answer, lodge administrative records, and potentially, engage in discovery (though they have not filed an appropriate motion requesting such relief).

Defendants oppose Plaintiffs' motion as untimely and prejudicial.[2]  Plaintiffs make no attempt to reconcile their motion with the Scheduling Order.  To the contrary, it is evident that

---

[1] Defendants will use "Rescission Decision" to refer collectively to the U.S. Forest Service's ("USFS") June 26, 2020 rescission of its respective requests for consultation on the 1993 Region 2 policy and 1995 national policy, as well as the U.S. Fish & Wildlife Service's ("FWS") rescission of the corresponding 1993 biological opinion ("BiOp") on the Region 2 policy and 1995 letter of concurrence ("LOC") on the national policy.  ECF Nos. 38-2 & 38-3.

[2] Defendants do not oppose Plaintiffs' proposed amendment of the complaint to remove Count II (ECF 46, original ¶¶ 23-26, 78-79), which this Court previously dismissed due to lack of ongoing federal action. *WildEarth Guardians v. U.S. Forest Serv.*, No. 1:19-cv-00203-CWD, 2020 WL 2239975 (D. Idaho May 7, 2020).  Though Plaintiffs' request to correct/revise allegations made in support of their original "failure to reinitiate" claim, Count I (ECF 43-1 at 9-10), is futile because the claim is moot, Defendants do not oppose these amendments insofar as they have no bearing on the mootness of the claim and, hence, disposition of Defendants' pending motion to dismiss. Defendants' opposition is to Plaintiffs' request to add a supplemental "challenge [to] the Forest Service's and Fish and Wildlife's actions on June 26, 2020" (ECF 43-1 at 10) and to seek vacatur of the Rescission Decision (ECF 46, new proposed ¶ 90, Rel. Sought, ¶ 2), to the extent that inserting this new claim would preempt Defendants' pending motion to dismiss contrary to the parties'

Plaintiffs' goal is to defer consideration of Defendants' motion to dismiss.[3]  Plaintiffs' basic premise

is that this Court cannot resolve Defendants' motion unless "the Court [first] rules the rescission

was lawful."  ECF 43-1 at 12.  Building from this premise, Plaintiffs candidly admit a lack of an

evidentiary basis to challenge the Rescission Decision and they attempt to use this deficiency to

embark on additional litigation via an answer, administrative records, and potentially, discovery.

ECF 43-1 at 10; *accord* ECF 40 at 19.  Plaintiffs fail to mention that proceeding down their requested

path could require additional judicial and party expenditures to be expended on: (1) resolving any

dispute over the completeness of the administrative records; (2) resolving any dispute over the

pending motions to intervene by the Idaho Fish and Game Commission, State of Wyoming, and

Safari Club, International, *et al.*; and (3) resolving an existing threshold dispute over the availability of

discovery in this matter, as Defendants dispute that discovery would be available in a case such as

this that is governed by the scope and standard of review of the Administrative Procedure Act

("APA"), 5 U.S.C. § 706.  *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 601 (9th Cir.

2014) (Endangered Species Act ("ESA") claims are reviewed "under the standards of the APA").[4]

---

agreement and the stay imposed by the Court in the Scheduling Order, and unnecessarily complicate
and improperly delay resolution of this litigation.

[3] When notified that Plaintiffs intended to file a motion for leave to amend and supplement their
complaint, Defendants raised concerns about the potential for a supplemental complaint to disrupt
their pending motion to dismiss, contrary to the Scheduling Order.  Defendants asked to review a
copy of the proposed pleading and requested that Plaintiffs agree to hold their motion in abeyance
until after Defendants' motion to dismiss has been resolved.  Plaintiffs then abruptly filed their
motion without providing the proposed pleading or a response to Defendants' concerns about
impacts to their pending motion to dismiss.

[4] Plaintiffs assert that the "agencies' . . . counsel" has indicated that administrative records "exist."
ECF 43-1 at 11.  Defendants do not know what is meant by the assertion that administrative records
"exist," and undersigned counsel has made no such a representation.  To date, neither USFS nor
FWS has compiled (or indexed) administrative records in this matter.  Defendants note that
compiling the administrative records Plaintiffs seek to compel would likely be a labor-intensive
effort given that they would stretch back nearly three decades and, as such, require searching
through archives that are kept off site to locate those records that still exist.  This effort would be
further complicated by the current remote and/or limited operations due to the ongoing pandemic.

In short, proceeding down Plaintiffs' requested path could prolong resolution of this case indefinitely.

Proceeding down Plaintiffs' newly-requested path, however, is unnecessary and inappropriate. The Supreme Court has made it clear that a court must ascertain whether it possesses jurisdiction before it may allow a claim to proceed, and here the Court has an ample basis upon which to determine its jurisdiction. To grant Defendants' motion to dismiss, the Court need only find that the consultation documents have been rescinded, and the Court can make this finding on the face of the Rescission Decision. The Rescission Decision is an independent final agency action with immediate legal effect. Like any final agency action, it is presumed valid, and Plaintiffs concede that lawful rescission of the consultation documents moots their "failure to reinitiate" claim. ECF 43-1 at 12. Thus, an answer, administrative records, and discovery are not necessary to determine the Court's jurisdiction on mootness grounds.

Plaintiffs implicitly seek to compel these things so that they may challenge the "lawfulness" of the Rescission Decision, which is a merits challenge, not a mootness challenge. Such a merits challenge should be presented in a new case, which would not be foreclosed if this case is dismissed on mootness grounds. Indeed, Plaintiffs have identified no obstacle to filing a new case. For efficiency purposes, Defendants would not object to any such new lawsuit being assigned to this Court. To the extent that Plaintiffs seek "disclosure" of agency documents (ECF 43-1 at 10) to determine whether there is a basis to file a new case, their recourse lies in the Freedom of Information Act ("FOIA"). Indeed, a FOIA request may better serve Plaintiffs' stated goal of obtaining "disclosure" of agency documents, as a FOIA production is typically broader than an administrative record compiled under the APA. In short, granting Defendants' motion to dismiss would bring this case to a speedy and efficient conclusion, while leaving Plaintiffs with an orderly path.

In evaluating requests to supplement complaints, courts consider the circumstances of the particular case, including its procedural posture, the potential for prejudice to the defendants, and whether there are any technical obstacles to filing a new case.  Here, Plaintiffs' eleventh-hour attempt to forestall resolution of Defendants' motion to dismiss is not warranted under the circumstances.  If granted, Plaintiffs' request would derail months of effort to bring the case to this point and instead prolong the case indefinitely.  Rather than granting Plaintiffs' motion, the "just, speedy, and inexpensive determination" of this case favors one of two paths.  Fed. R. Civ. P. 1.  The first and simplest path is to adhere to the Scheduling Order and resolve Defendants' pending motion to dismiss, while either denying Plaintiffs' request to supplement their complaint or holding it in abeyance until Defendants' motion is resolved.  The second path is – if the Court grants Plaintiffs leave to supplement their complaint – to allow Defendants supplemental briefing to address the supplemental claims.  In either case, the Court should enforce the parties' agreement and the Scheduling Order by staying all other litigation until the briefing is complete to prevent judicial and/or party resources from being wasted on potentially unnecessary litigation.  As explained below, an answer, administrative records, and discovery are not necessary to pursue either path.  Indeed, the Court was able to resolve Defendants' motion to dismiss Count II without such things.  *WildEarth Guardians*, 2020 WL 2239975.

In sum, with this Court having dismissed Count II and the consultation documents now rescinded, it is beyond reasonable dispute that this case is jurisdictionally moot.  The Court has before it a fully-briefed motion to dismiss that provides an ample basis to dismiss on mootness grounds.  Granting Defendants' motion would bring this case to a prompt and orderly conclusion in accordance with the agreement of the parties and the Scheduling Order.  Plaintiffs identify no technical obstacle to challenging the Rescission Decision in a new case and they provide no justification for their attempt to depart from the Scheduling Order.  To the contrary, Plaintiffs'

request is unjustified where it could prejudice Defendants by unnecessarily complicating and prolonging the case, contrary to the stay agreed to by the parties and approved by the Court.

## ARGUMENT

**I.    The Court Is Not Required to Allow Plaintiffs to Challenge the "Lawfulness" of the Rescission Decision Before It Can Resolve Defendants' Pending Motion to Dismiss on Mootness Grounds**

As noted above, the implied premise underlying Plaintiffs' request to supplement their complaint is that the Court cannot resolve Defendants' motion to dismiss until it resolves Plaintiffs' challenge to the "lawfulness" of the Rescission Decision.  ECF 43-1 at 12.  That is incorrect.  The Rescission Decision is a final agency action from which legal consequences immediately flowed, rendering the 1993 BiOp and 1995 LOC inoperative.  *Bennett v. Spear*, 520 U.S. 154 (1997).  Like any final agency action, the Rescission Decision is presumed valid.  *Nat'l Fam. Farm Coal. v. EPA*, 966 F.3d 893, 923 (9th Cir. 2020).  Plaintiffs concede that lawful rescission of the consultation documents moots their "failure to reinitiate" claim.  ECF 43-1 at 12.  Thus, to find mootness here, the Court need only find that the consultation documents have been rescinded, and the Court can make that finding on the face of the Rescission Decision.  Plaintiffs have not attempted to invoke any exception to the mootness doctrine, and they have provided no authority to support their newly-minted assertion that, contrary to the Scheduling Order, the Court must allow a challenge to the "lawfulness" of a final agency action before it can give effect to that action and dismiss on mootness grounds.

In essence, Plaintiffs' contention that the Court must determine the "lawfulness" of the Rescission Decision before it can dismiss on mootness grounds asks the Court to deny the Rescission Decision its legal effect and presumption of regularity while they challenge it on the merits, tantamount to a preliminary injunction.  Plaintiffs, however, have not filed a motion for preliminary injunction, much less made a showing of the requisite factors to justify entry of such

extraordinary relief. *Contra* Fed. R. Civ. P. 7(b)(1); *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008). To the contrary, rather than show that they are likely to succeed on the merits of a challenge to the Rescission Decision, Plaintiffs confess a lack of evidentiary support for such a challenge. And Plaintiffs have not shown that they are likely to be harmed irreparably in the time it would take to resolve a challenge to the Rescission Decision unless it is preliminarily enjoined. Simply stated, Plaintiffs may disagree with the decision to rescind the 1993 BiOp and ITS and 1995 LOC, but they have been rescinded nonetheless, which renders Plaintiffs' existing case jurisdictionally moot. As explained below, if Plaintiffs wish to challenge the Rescission Decision, they must do so in a new suit. Plaintiffs may not sidestep the mootness of their case and the Court's lack of jurisdiction by attempting to initiate a new challenge to the Rescission Decision.

Indeed, Supreme Court precedent requires a court to ascertain its subject matter jurisdiction before a case may proceed on the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). In rejecting the Ninth Circuit's doctrine of "hypothetical jurisdiction," the Court explained:

> We decline to endorse such an approach because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers. This conclusion should come as no surprise, since it is reflected in a long and venerable line of our cases. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868). "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." *Great Southern Fire Proof Hotel Co. v. Jones*, *supra*, at 453, 20 S.Ct., at 691–692. The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception." *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884).

*Id.* at 94-95.

Here, Plaintiffs' implicit request (in the absence of an appropriate motion) that the Court refrain from resolving Defendants' challenge to its jurisdiction so that Plaintiffs may mount a

challenge to the "lawfulness" of the Rescission Decision (ECF 43-1 at 12), to include the lodging of

an answer and administrative records and, potentially, completion of discovery (if any was allowed),

contradicts this Supreme Court precedent, as well as the Rules of Civil Procedure. *Contra id.*; Fed. R.

Civ. P. 7(b)(1). The Court may not defer consideration of its subject matter jurisdiction on

mootness grounds while allowing the case to proceed on the merits. To the extent Plaintiffs may

contend that the Court needs to adjudicate the "lawfulness" of the Rescission Decision to ascertain

whether it has jurisdiction, that is incorrect. A challenge to the "lawfulness" of the Rescission

Decision is a merits-based challenge, not a jurisdictional question.

## II.    The Rescission Decision Must Be Challenged In a New Case Because It is an Independent, Presumptively-Valid Final Agency Action

There is no dispute that Plaintiffs' proposed supplemental claim arises out of a different set

of facts than their original "failure to reinitiate" claim, and it is based on a different legal theory.

*Compare* ECF 12 ¶¶ 35-57, 75-76 *with* ECF 46 ¶¶ 5, 84, 89-90; *see also* ECF 43-1 at 2. That Plaintiffs

are requesting to assert a separate and independent cause of action is evidenced by the fact that

Plaintiffs provided a separate notice of intent to sue on their supplemental claim, which is a

jurisdictional prerequisite to filing a claim for relief under the ESA's citizen suit provision. ECF 41-

1, ECF 46 ¶ 5. A separate claim such as this "is more appropriately filed in a separate, new action,

which is not precluded by denial of this motion" to supplement. *Affiliates, Inc. v. Armstrong*, No. 1:09-

CV-00149-BLW, 2011 WL 3678938, at *4 (D. Idaho Aug. 23, 2011). Indeed, Plaintiffs have not

identified any obstacle to filing a new case, which weighs against granting them leave to supplement

their complaint in this case. *Id.* at *3.

In *Affiliates*, 2011 WL 3678938, the court explained that a plaintiff must demonstrate that

leave to supplement its complaint is "warranted in the circumstances," which includes consideration

of whether the timing of the motion would prejudice the defendants given the "posture of the

litigation." *Id.* at *2-3. Here, Plaintiffs' request to supplement is not warranted under the

circumstances or the posture of this case.  Plaintiffs' request comes at the eleventh-hour, some five months after the case became moot, some three months after Defendants filed their motion to dismiss, and some two months after Plaintiffs effectively waived mootness and standing in response. As Defendants' motion demonstrates, the consultation documents upon which the remaining claim is predicated were immediately and permanently rescinded on June 26, 2020.  ECF 38-1 at 10-19, 38-2 & 38-3.  Plaintiffs' request also reneges on their agreement in July to resolve Defendants' motion without an answer, administrative records, or discovery.  ECF 36.  In fact, the parties expressly agreed that "[t]he Court should stay all other current proceedings in this case pending resolution of [Defendants'] prospective motion to dismiss."  *Id.* ¶ 4.  In response to the parties' joint status report and proposed scheduling order, this Court convened a status conference on July 16, 2020 to discuss the basis of Defendants' forthcoming motion to dismiss.  At the conference, Plaintiffs, through counsel, confirmed their agreement that Defendants should file a motion to dismiss decided based on the Rescission Decision while the litigation otherwise remained stayed.  Plaintiffs' agreement is confirmed by the Court's July 16, 2020 Scheduling Order.  ECF 37 ¶¶ 1, 4.

On August 28, 2020, Plaintiffs filed their opposition to Defendants' motion to dismiss and made no mention of a supplemental complaint.  As recently as October 8, 2020, Plaintiffs agreed to the Court's request to reschedule Defendants' motion to dismiss for hearing to December 3, 2020, and again made no mention of a supplemental complaint.  And yet Plaintiffs filed their motion for leave to supplement their complaint just over two weeks later, on October 26, 2020.  ECF 43, 46. Plaintiffs' proposed supplement would launch a new claim against the Rescission Decision, which is the very basis of the motion to dismiss that they agreed to litigate in July.

"While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." *Ctr. for Biological Diversity v. Salazar*, No. CV 07-0038-PHX-MHM, 2010 WL 3924069, at *4 (D. Ariz. Sept. 30, 2010) (citing *Planned Parenthood v. Neely*, 130

F.3d 400, 402 (9th Cir. 1997) (internal citation and quotation omitted)).  As noted above, that is

what Plaintiffs' supplemental pleading seeks to do here, after the case has become moot.  Regardless,

even if the Court were to find that this test is satisfied notwithstanding mootness because the

supplemental claim bears "some relationship" to the original claim, the Court should nonetheless

exercise its discretion by either denying Plaintiffs' request to supplement their complaint or holding

it in abeyance until it has resolved Defendants' motion to dismiss.  In *W. Watersheds Project v. U.S.

Forest Serv.*, No. 4:07-CV-151-BLW, 2012 WL 2019961 (D. Idaho June 4, 2012), the court aptly

explained – in response to a request to supplement a complaint that would "turn entirely" on the

legal interpretation of a piece of legislation did not exist when the complaint was filed:

> Amendments have been allowed where there was "some relationship" between the
> original claims and those being added, *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir.
> 1988); defining the term "relationship" in its loosest sense, that standard might be
> met here. But the existence and exercise of discretion must not be confused—just
> because the Court has discretion does not necessarily mean it must be exercised in a
> certain way.
>
> In fact, the better part of discretion here is to deny the motion. By allowing [plaintiff]
> to reopen this case and file an amended complaint, the Court would be creating an
> entirely new case within the shell of an action over 5 years old. And while there may
> be "some relationship" between the complaints, it is very thin at best. Indeed,
> [plaintiff's] proposed amended complaint is a new action and should be treated as
> such.

*Id.* at *2 (citing *Planned Parenthood*, 130 F.3d 400).

Here, allowing Plaintiffs to supplement their complaint to mount a merits challenge to the

"lawfulness" of the Rescission Decision after it has mooted the case would inappropriately create a

new case within the shell of the prior action, and prolong it indefinitely.  The Ninth Circuit and

courts in this District have not allowed supplementation where, as here, it would "inappropriately

prolong the litigation." *All. for Wild Rockies v. Kruger*, 15 F. Supp. 3d 1052, 1056–57 (D. Mont. 2014),

*aff'd sub nom. All. for the Wild Rockies v. Krueger*, 664 F. App'x 674 (9th Cir. 2016).  As the Court

explained in *Affiliates*, "[t]he goal of Rule 15(d) is to promote judicial efficiency" and that goal is "not

satisfied where leave to supplement would require significant delays." *Affiliates*, 2011 WL 3678938, at *3; *accord W. Watersheds Project v. U.S. Forest Serv.*, No. CV-05-189-E-BLW, 2009 WL 3151121 (D. Idaho Sept. 26, 2009) (denying supplementation where it would not promote judicial efficiency). As explained above, Plaintiffs are attempting to use a supplemental complaint here for the very purpose of preempting resolution of Defendants' fully-briefed motion to dismiss and prolonging this case with a merits challenge to the Rescission Decision.

In sum, the Court should deny Plaintiffs' request to supplement their complaint or hold it in abeyance insofar as it seeks to inject a separate, distinct, and independent claim more appropriately brought in a new case, to the prejudice of Defendants. However, if the Court allows Plaintiffs to supplement their complaint – it should commensurately allow Defendants to submit additional briefing to address the newly asserted allegations, while continuing the agreed-upon stay of litigation pending resolution of Defendants' revised motion. The stay should be inclusive of lodging an answer and administrative records and any request to conduct discovery (the availability of which is in dispute), so as to prevent wasting judicial and party resources on potentially unnecessary litigation.

III. **Whether or Not the Court Allows Plaintiffs to Supplement their Complaint, an Answer, Administrative Records, and Discovery Are Unnecessary**

Building on the flawed premise that the Court must adjudicate their challenge to the "lawfulness" of the Rescission Decision before it can find the case moot, Plaintiffs imply that their admitted lack of evidentiary support for such a challenge justifies bypassing Defendants' motion to dismiss and compelling the lodging of an answer and administrative records, and potentially seeking discovery. ECF 43-1 at 10; *accord* ECF 40 at 19 (Plaintiffs conceding in response to Defendants' motion to dismiss that they do not know "whether the BiOp was based on 'agency action' under Section 7(a)(2), as Guardians alleges in its amended complaint, AC ¶ 77"). This implicit request must be denied because, as explained above, the Court is required to ascertain its jurisdiction before it can adjudicate a merits challenge to the Rescission Decision, and an answer, administrative

10

records, and discovery are not necessary for the Court to ascertain its jurisdiction.  Indeed, there is

no legal requirement that an agency lodge its administrative record before it can be granted

dismissal.  *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266 (D.C. Cir. 2001); *Sierra*

*Club v. U.S. Fish & Wildlife Serv.*, 245 F.3d 434, 440 n.37 (5th Cir. 2001).  As noted above, for this

Court to dismiss on mootness grounds here, it need only find that the 1993 BiOp and 1995 LOC

have been rescinded, and it can make that finding on the face of the Rescission Decision.

In requesting an administrative record to facilitate "disclosure of agency documents" (ECF

43-1 at 10), Plaintiffs conflate an administrative record with a request for production under FOIA, 5

U.S.C. § 552.  Facilitating "public access to Government documents" is the goal of FOIA.  *U.S.*

*Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).  FOIA was enacted "to promote the 'broad disclosure

of Government records' by generally requiring federal agencies to make their records available to the

public on request." *DiBacco v. U.S. Army*, 795 F.3d 178, 183 (D.C. Cir. 2015) (citing *U.S. Dep't of*

*Justice v. Julian*, 486 U.S. 1, 8 (1988)).  "A FOIA production request is an entirely discrete legal

concept that bears no relation to the administrative record compiled for a court's review under the

APA." *Del. Dep't of Nat. Res. & Envtl. Control v. U.S. Army Corp of Eng'rs*, 722 F. Supp. 2d 535, 544

(D. Del. 2010); *see also Stand Up for Cal. v. U.S. Dep't of Interior*, 71 F. Supp. 3d 109, 117 (D.D.C. 2014)

("An agency's possession of certain records, as confirmed by their disclosure in response to a FOIA

request, is not sufficient to show that the same records were considered by the agency in connection

with a decision subject to an APA challenge and, consequently, mere possession triggers no

requirement to include such records in the administrative record").  In contrast to FOIA's goal of

facilitating public disclosure of agency documents, an administrative record of agency decision

making is prepared to enable judicial review of that action under the standards of the APA, 5 U.S.C.

§ 706, and is generally limited to those documents that were before the agency decision makers at

the time of their decision. *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420, (1971).  Thus,

to the extent Plaintiffs here seek "disclosure of agency documents" to ascertain whether they believe a basis exists to file a legal claim, their recourse should be to file a request under FOIA prior to initiating litigation, not to initiate litigation with a speculative legal claim and request administrative records.

Similarly, even if discovery was available in this case – a point that is in dispute – there is no requirement that the Court allow it before dismissing. *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817 (9th Cir. 1995). *Sopcak* is analogous to the facts here. There, the defendants moved to dismiss for lack of jurisdiction, and "[n]early two months later, rather than moving for extension of time to oppose the dismissal motion, the [Plaintiffs] filed an opposition which stated in part: '[h]owever, if the court believes that there is not sufficient evidence to support plaintiffs' jurisdictional allegation, plaintiffs respectfully request an opportunity to conduct discovery.'" *Id.* at 819. The Ninth Circuit ruled that "[b]ased upon the facts of this case, we hold that the district court did not abuse its discretion by ruling on the jurisdictional issue without allowing additional time for discovery." *Id.* Having failed to seek discovery in the nine months between the filing of the complaint and the order of dismissal, the Ninth Circuit found that "[Plaintiffs] can not now complain that the court erred by not allowing them to conduct eleventh-hour discovery upon an adverse ruling." *Id.* (citing *Berardinelli v. Castle & Cooke*, 587 F.2d 37, 39 (9th Cir. 1978)).

Here, Plaintiffs raise the specter of requesting discovery for the first time: (1) some five months after the Rescission Decision was made; (2) some four months after agreeing to stay the litigation for the purpose of resolving Defendants' motion to dismiss based on the Rescission Decision; (3) some three months after Defendants filed their agreed-upon motion to dismiss; and (4) some two months after Plaintiffs filed an opposition to Defendants' motion to dismiss. On these facts, Plaintiffs could not be heard to complain that they were not granted an opportunity to seek discovery. *Id.*

Because this Court should resolve Defendants' motion to dismiss before adjudicating a supplemental challenge to the Rescission Decision, and can do so without ordering the lodging of an answer and administrative records, or the completion of discovery, it should deny Plaintiffs' motion for leave to supplement their complaint or hold it in abeyance until it has resolved Defendants' motion. However, if the Court were to allow Plaintiffs to supplement their complaint, it should allow Defendants to file supplemental briefing in response. An answer, administrative record, and discovery still would be unnecessary. Indeed, the Court was able to resolve Defendants' first motion to dismiss without such things. *WildEarth Guardians*, 2020 WL 2239975. Consistent with the Court's prior decision, and analogous to *Am. Bankers Ass'n*, 271 F.3d 262, and *Sierra Club*, 245 F.3d 434, where the courts evaluated the consistency of agency rules with a statute in the absence of an administrative record, here the Court could determine – on Defendants' supplemental briefing – whether the Rescission Decision is consistent with the ESA. Specifically, the Court could determine whether Plaintiffs state a claim that the ESA requires an action agency to complete reinitiated consultation before it can find that it has not engaged in federal action for purposes of Section 7 (*i.e.*, make a finding of no effect) and for a consulting agency to withdraw a BiOp or LOC on the basis of such a finding. ECF 46, new ¶ 90. As Defendants have explained, the ESA does not contain such a requirement. ECF 41 at 4-7; ECF 47.

The Court also could determine whether Plaintiffs plausibly allege that it was unlawful to rescind the 1993 BiOp despite the fact that the Region 2 policy was rescinded. ECF 12 ¶ 23; ECF 46, new ¶¶ 30, 88-89. As Defendants have explained, it is not plausible that an alleged 1993 Memorandum of Understanding ("MOU") between USFS and Wyoming newly relied on by Plaintiffs somehow made it unlawful to rescind the 1993 BiOp, as this MOU was never federal action for ESA Section 7 purposes to being with and, regardless, could not still be in effect after 27 years and the rescission of the Region 2 policy. ECF 41 at 4 n.4, 9; U.S. Forest Service, Forest

Service Handbook, 1509.11 Chapter 60 – Memorandum of Understanding 61.1(7) (2009).[5]  It is equally implausible that the existence of closure and/or food storage orders somehow made it unlawful to rescind the BiOp prepared on the Region 2 policy, when that policy has been rescinded. ECF 41 at 9; *Fund for Animals v. Thomas*, 127 F.3d 80, 82 (D.C. Cir. 1997); *W. Watersheds Project v. Matejko*, 468 F.3d 1099 (9th Cir. 2006); *WildEarth Guardians*, 2020 WL 2239975.  Indeed, for ESA Section 7 consultation to be required, a federal agency must authorize, fund, or carry out an action that may affect listed species or critical habitat, 16 U.S.C. § 1536(a)(2), and as Plaintiffs admit, the national policy that replaced the Region 2 policy here confirmed that "[w]here *States permit* the use of bait for attracting resident game, this activity is allowed on National Forest Service lands, *subject to State hunting laws and regulation*."  ECF 43-1 at 6 (emphasis added).

Allowing Defendants to challenge the strength of Plaintiffs' supplemental allegations through supplemental briefing (and without the expenditure of resources on an answer, administrative records and, potentially, discovery) would be in keeping with basic fairness and Supreme Court precedent, which makes it clear that a deficient claim should "be exposed at the point of minimum expenditure of time and money by the parties and the court," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557-58 (2007) (citations omitted), and that a plaintiff may not "plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss," *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) (citation omitted).  "It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process." *Twombly*, 550 U.S. at 559 (citation omitted).  "[A] plaintiff cannot use the discovery process to find, in the first instance, facts to support general claims advanced against a defendant." *Mt. Holly Ctzns. in Act. v. Twp. of Mt. Holly*, 2009 WL 3584894, at *12

---

[5] Available at
https://www.fs.fed.us/im/directives/fsh/1509.11/wo_1509.11_60_Memorandum%20of%20Understanding.doc (last visited Nov. 16, 2020).

(D.N.J. Oct. 23, 2009); *accord Fannon v. Oliver-Estes*, No. 3:17-cv-05790-BHS-TLF, 2018 WL 3321243, at *4 (W.D. Wash. May 11, 2018) ("the district court need not conduct discovery if the petitioner makes speculative assertions, simply fishing for possible evidence and conjectures that he or she 'might possibly discover' useful evidence"), *report and recommendation adopted*, No. C17-5790 BHS, 2018 WL 3303131 (W.D. Wash. July 5, 2018), *certificate of appealability denied*, No. 18-35652, 2019 WL 479841 (9th Cir. Jan. 28, 2019).

In sum, the Court should deny Plaintiffs' eleventh-hour request to supplement their complaint, but if it grants supplementation, it should permit Defendants to file supplementing briefing in response.  In either case, the Court should disallow Plaintiffs' implicit request to compel lodging of answer, administrative records, and potential completion of discovery as unnecessary, untimely, and prejudicial to the speedy and efficient resolution of this case.

## CONCLUSION

For the reasons set forth above, as well as in Defendants' pending motion to dismiss and reply in support (ECF 38, 41), the Court should proceed with resolving Defendants' motion to dismiss and either deny Plaintiffs' motion to supplement their complaint (ECF 43) or hold it in abeyance until Defendants' motion has been resolved.  Granting the requested supplementation would complicate this case unnecessarily and prolong it inappropriately.  Alternatively, if the Court allows Plaintiffs to supplement their complaint, it should allow Defendants a commensurate opportunity to submit additional briefing to address the supplemental claims, while continuing the agreed-upon stay of litigation pending resolution of Defendants' revised motion.  The stay should include the lodging of an answer, administrative records, and any attempt to seek discovery, which are unnecessary.

Dated:  November 16, 2020

/s/ *Robert P. Williams*
Robert P. Williams

Sr. Trial Attorney
U.S. Department of Justice

**Attorney for Defendants**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of November, 2020, I filed the foregoing

electronically through the CM/ECF system, which caused the following parties or counsel to be

served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Matthew Kellogg Bishop
bishop@westernlaw.org

Peter M.K. Frost
frost@westernlaw.org

Dana M. Johnson
danajohnsonecf@gmail.com

/s/ Robert P. Williams
Robert P. Williams
Sr. Trial Attorney
U.S. Department of Justice