Dana M. Johnson, Idaho Bar #8359
Wilderness Watch
P.O. Box 9623
Moscow, Idaho 83843
Tel: (208) 310-7003
danajohnson@wildernesswatch.org

Matthew K. Bishop, *pro hac vice*
Western Environmental Law Center
103 Reeder's Alley
Helena, Montana 59601
Tel: 406-324-8011
bishop@westernlaw.org

Peter M.K. Frost, *pro hac vice*
Sangye Ince-Johannsen, *pro hac vice*
Western Environmental Law Center
120 Shelton McMurphey Blvd., Suite 310
Eugene, Oregon 97401
Tel: 541-359-3238 / 541-778-6626
frost@westernlaw.org
sangyeij@westernlaw.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILDEARTH GUARDIANS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. FOREST SERVICE, et al., <br><br> Defendants. | Case No. 1:19-cv-00203-CWD <br><br> **REPLY IN SUPPORT OF MOTION TO TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT [Dkt. 43.]** |

Pursuant to District Idaho L. Rule 7.1(b)(3), Plaintiffs WildEarth Guardians et al. ("Guardians") hereby respectfully file this reply in support of its motion for leave under Rule 15(a)(2) & (d) to file an amended and supplemental complaint.

Summary of Argument.

Defendants oppose Guardians' motion on two grounds: "as untimely and prejudicial." (Dkt. 49 at 1.). It is neither. It is timely because generally claims under Section 7 of the ESA against the Forest Service must be preceded by a 60-day notice of intent to sue, and after the Forest Service's decision related to the BiOp, Guardians served notice and waited more than 60 days before filing its motion.[1] Nor is the motion untimely in the context of the Court's order staying then-"current" proceedings in this case. Nothing in the parties' agreement or the Court's order precludes Guardians' later-filed motion to amend and supplement its pleading.

Nor do Federal Defendants meet their burden of proving the motion is prejudicial to them. They have not filed an answer. They have not filed their administrative records. Indeed, an answer to the proposed pleading and the administrative records are likely to be probative of Guardians' original and proposed claims: whether (1) federal "agency action" under Section 7 of the ESA existed in 1993 and 1995, when consultation occurred; (2) at least one and perhaps two "triggers" for reinitiation have been met; and (3) the decisions to rescind the BiOp are unlawful.

Instead, Defendants assert that if during the pendency of a case against them they make a new decision to attempt to moot the claim, then a second, new lawsuit must be filed. Defendants'

---

[1] No notice is required to sue Defendant U.S. Fish and Wildlife Service for its role related to rescinding the BiOp, because the Court has jurisdiction to resolve claims against it pursuant to federal question jurisdiction, 28 U.S.C. § 1331, not the citizens suit provision of the ESA, 16 U.S.C. § 1540(g). *Bennett v. Spear*, 520 U.S. 154, 179 (1997).

position subverts the underlying purpose of Rule 15, which is to facilitate decision on the merits rather than on the pleadings or technicalities. Defendants' position raises the prospect of three successive, independent lawsuits under the ESA related to the effects on grizzly bears of baiting in national forests: a first, challenging the failure to reinitiate consultation; a second, challenging rescission of consultation and, if Guardians is successful in that case; then a third, after yet another 60 days' notice, circling back and once again asserting the reinitiation claim. Indeed, Defendants do not even assert that the new claim in the proposed pleading is "futile," they assert only that it should be filed in a new lawsuit instead of considered in this one.

The better path is for the Court to consider these plainly related claims in one lawsuit, and to resolve them sequentially: first, is the rescission of consultation lawful (*i.e.*, did "agency action" under Section 7 of the ESA exist in 1993 and 1995?), and second, if so, is reinitation of consulation required? Accordingly, Guardians respectfully recommends that the Court deny without prejudice (or stay) Defendants' motion to dismiss, grant Guardians' motion to amend and supplement the complaint, and order Defendants to file an answer to the amended and supplemental complaint, and their administrative records. After reviewing the administrative records, and ensuring they are complete, the parties can discuss any discovery. But it appears the pleadings and administrative records may be sufficient bases for cross-motions for summary judgment to resolve all claims in this case.

Standard of Review.

As the Court is aware, after a brief period, a party may amend or supplement its pleading only with leave of the court, which it has discretion to grant, but "should freely give . . . when justice so requires." FED. R. CIV. P. 15(a)(2). This is a "mandate . . . to be heeded," *Foman v. Davis*, 371 U.S. 178, 182 (1962), and "applied with 'extreme liberality.'" *DCD Programs, Ltd. v.*

*Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *Id*. Whether to grant leave to amend or supplement depends on the factors of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment. . . ." *Foman*, 371 U.S. at 182. Undue prejudice is the most important, and the burden is on the opposing party to prove it. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). As to all of factors, the "determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Argument.

Defendants' brief does not include subheadings clarifying which *Foman* factor is addressed, but, as noted, they assert Guardians' motion is "untimely and prejudicial." (Dkt. 49 at 1.) Accordingly, Guardians seeks to reply to all of Defendants' arguments in the context of the two factors on which they base their opposition.

1. <u>Defendants Fail to Prove the Motion is Untimely</u>.

Defendants invoke the Court's scheduling order of July 16, 2020, in which the Court, upon the parties' stipulation (Dkt. 36.), ordered a briefing schedule for Defendants' motion to dismiss, and ordered that "[a]ll other *current* proceedings are stayed pending resolution of motion." (Dkt. 37 at 2 (emphasis added).) At that time, the "current proceedings" in the case included the motions to intervene filed by Safari Club International (Dkt. 16.), the State of Wyoming (Dkt. 18.), and the State of Idaho (Dkt. 23.), as well as Defendants' duty to file a

responsive pleading to the operative complaint, after the Court granted in part and denied in part their motion to dismiss. (Dkt. 35.); *see* FED R. CIV. P. 12(a)(4)(A).

As background, Guardians can disclose that after the Court's order resolving Defendant's partial motion to dismiss, the parties conferred as to prospective scheduling for this case. On May 27, 2020, Defendants' counsel emailed Guardians' counsel and stated in part:

> The agencies have been reviewing the court's ruling and assessing next steps . . . . Given the court's ruling on the NEPA claim, the agencies are weighing filing an amended motion to dismiss the ESA claim on the same rationale. . . . I would also like to ask if Plaintiffs are willing to agree to stay deadlines until the scheduling conference, in particular the agencies' answer to the complaint.

Plfs' Ex. 1. Counsel then traded more emails related to scheduling, and case management, and on June 1, 2020, Defendants' counsel emailed Guardians' counsel to state in part:

> I'm also reminded that there are pending motions to intervene from WY, ID, and SCI, which were stayed pending decision on the MTD. I believe you had indicated that Plaintiffs might oppose one or more of those motions. In the event that the Federal Defendants file an amended MTD, I would plan to ask the intervenors if they would be willing to continue the stay of their motions until the amended MTD has been decided.

Plfs' Ex. 2. On June 6, 2020, Defendants' counsel emailed that the agencies were not simply considering a motion to dismiss the ESA claim based on the same theory they previously asserted as to the NEPA claim, but that they were also considering "additional administrative action that would affect Plaintiffs' claims." Plfs' Ex. 3. On June 9, 2020, Guardians' counsel emailed and stated, among other things, "we previously asked what 'additional administrative action that would affect Plaintiffs' claims' the agencies are considering. Could you please let us know?" Plfs' Ex. 4. Defendants' counsel's response is captioned as a confidential communication under FED. R. EVID. 408; Guardians treats it and all communications thereafter as such.

The bottom line is that in the context of seeking to stipulate as to case management, the parties' counsel discussed the unresolved motions to intervene and Defendants' upcoming duty under Rule 12. The qualifying adjective "current" in the parties' stipulation and the Court's order applies, as Guardians meant when stipulating, to those issues. But neither the text of the stipulation nor the Court's order precludes Guardians' motion, filed later, to seek leave to amend and supplement its pleading.

On July 16, 2020, counsel and the Court's law clerk had a conference call in which Guardians agreed Defendants could file their motion to dismiss before filing their administrative records, which they did the next day. (Dkt. 36 & 38.) At that time, Guardians did not know on what precise legal theories and evidentiary bases Defendants would assert the case is moot; Guardians had read their June 26, 2020 letters rescinding the BiOp, and anticipated Defendants would acknowledge the facts pled in the operative complaint, which must be taken as true, as an evidentiary basis for their motion. Apart from that, Guardians did not have approval of its existing clients to serve notice of intent as to a new claim, nor had it run conflict checks to consider a new plaintiff (Friends of the Clearwater) that expressed interest in becoming a party; it is named in the proposed amended and supplemental complaint, without objection from Defendants.

But if Defendants' objection to Guardians' motion based on "timeliness" somehow includes "delay" as a factor, "delay alone is not sufficient to justify the denial of a motion requesting leave to amend." *DCD Programs*, 833 F.2d at 187. Regardless, Guardians did not delay in filing its motion. This case is one and one-half years old. *Compare Miesen v. Connie Taylor Henderson*, No. 1:10-cv-00404-CWD, 2017 WL 1458191, at *11 (D. Idaho April 21, 2017) (characterizing a seven year-old case as "in its early stages as discovery has yet to

commence."). The Court has not issued a Rule 16(b) scheduling order. This case was prolonged at first by Defendants' choice to file a "partial" motion to dismiss only the NEPA claim (Dkt. 28.), and to see how that turned out, before returning to essentially the same theory to seek to dismiss the ESA claim. (Dkt. 38.) Defendants did not issue their letters (dated the same day) rescinding the BiOp until June 26, 2020. (Dkt. 38, Ex. 2 & 3.) After consultation with its clients, and clearing a new client, on August 6, 2020, Guardians served notice under the ESA. (Dkt. 41, Ex. 1.); *Miesen*, 2017 WL 1458191, at *16 (finding no delay when party filed motion to amend after required demand letter). As noted, Defendants have not filed an answer, and they have not filed administrative records for their actions in 1993, in 1995, nor in 2020.[2] No available discovery has occurred. *Contra Affiliates, Inc. v. Armstrong*, No. 1:09-cv-00149-BLW, 2011 WL 3678938, at *3 (D. Idaho Aug. 23, 2011) (citation omitted) (finding that motion to amend a pleading after the close of discovery as to a prior claim weighs against granting the motion because there may be another round of discovery). Guardians' motion to file a pleading to challenge Defendants' actions of June 26, 2020, as well as to continue to challenge Defendants' failure to consult, is timely.

2. <u>Defendants Fail to Meet Their Burden of Proving Prejudice</u>.

The framework to consider whether Defendants prove prejudice includes the timing of Guardians' motion, the posture of the litigation, and the impact of delay that would be caused by any discovery. *Miesen*, 2017 WL 1458191, at *16. Here, Defendants appear to assert prejudice

---

[2] Defendants assert they "do[] not know what [Guardians] meant by the assertion that administative records 'exist' [for Defendants' actions in 1993 and 1995], and undersigned counsel has made no such representation." (Dkt. 49 at 2 n.4.). In an email sent June 6, 2020, Defendants' counsel referred to the agencies' administrative records for their actions in 1993 and 1995. Plfs' Ex. 3 (highlights).

on the bases that if the Court grants Guardians' motion, there may later be disputes as to whether the administrative records are complete, and as to intervention and any discovery, before cross-motions for summary judgment, and the prospect of disputes that "could prolong resolution of this case indefinitely." (Dkt. 49 at 2–3.) Guardians hopes this case will not take that long. Regardless, the Court can resolve any interlocutory disputes. More importantly, Defendants do not prove *they* are prejudiced by the spectre of "additional judicial and party expenditures." (Dkt. 49 at 2.) They note only the things that normally happen in federal environmental cases like this one, but which have not yet happened—if they ever will.

As to Defendants' administrative records, Guardians presumes they will disclose all of their records underlying the claims in the amended and supplemental complaint, including the Memorandum of Understanding between the Forest Service and the State of Wyoming referred to in the 1993 EA (Dkt. 40-1 at 2 & 4.); that document may be probative as to whether "agency action" under Section 7 of the ESA occurred, and relevant to the Court's resolution of whether the decisions to rescind the BiOp are lawful. If Defendants need more time to compile their administrative records because they are stored "off site," or because of Covid, as they suggest (Dkt. 49 at 2 n.4.), Guardians is amenable to the time they need.[3] So too with the motions to intervene from Safari Club International, Idaho, and Wyoming. If the Court grants Guardians' motion, the parties and applicants to intervene will confer as to any filing of additional motions and proposed answers.[4]

---

[3] Guardians has not sought preliminary relief as to bait affecting grizzly bears in forests in Idaho and Wyoming, so there does not appear to be any exigency as to how this case plays out.

[4] Guardians notes, however, that at least for Safari Club International and Wyoming, their local counsel is now with U.S. Department of Justice, and they need a new one. (*Cf.* Dkt. 16; Dkt. 18.)

### 3. Defendants Fail to Show that Guardians Seeks to Bring a New and Independent Cause of Action.

Defendants assert the proposed pleading would impermissibly introduce a "separate and independent cause of action." (Dkt. 49 at 7–10.); *see Planned Parenthood*, 130 F.3d at 402 (proscribing under Rule 15(d) a "separate, distinct and new cause of action."). As Guardians noted in their opening memorandum, (Dkt. 43-1 at 11–14.), the proposed claim challenging Defendants' actions on June 26, 2020 is new, as it must be, but it is not separate and distinct from the reinitation claim. In fact, most allegations in the operative complaint are repeated in the proposed complaint, and Defendants' answer to the proposed pleading, and their administrative records, would likely apply to—if not resolve—both the original and proposed claims.

Moreover, the cases Defendants rely on are distinguishable. Defendants cite *Affiliates*, but there, Judge Winmill considered two quite different claims: an original claim (related to the Medicaid rate structure and rates paid by the state of Idaho to certified home providers) and a proposed new claim (under 42 U.S.C. § 1983 and the First Amendment, alleging retailiation), and Judge Winmill noted that because (1) the plaintiffs' proposed pleading sought to introduce new facts likely to be disputed, and (2) the new claim would require additional discovery, which had neared its close as to the original claim, the new claim was "futile as pleaded," and filed "shortly" before the discovery cut-off, and therefore "more appropriately filed in a separate, new action." *Affiliates*, 2012 WL 2019961, at **3–4. Further, unlike in Judge Wimill's decision in *Western Watersheds Project*, Guardians does not seek to reopen a closed case or "create[] an entirely new case within the shell of an action over 5 years old," with a "very thin" relationship to the proposed new claim. *Contra W. Watersheds Project v. U.S. Forest Serv.*, No. 4:07-CV-151-BLW, 2012 WL 2019961, at *2 (D. Idaho June 4, 2012).

Again, Guardians seek leave to challenge Defendants' actions to seek to moot Guardians' existing claim, before an answer, administrative records, or any discovery has occurred. Granting Guardians' motion would serve the purpose of Rule 15 by "promot[ing] the economical and speedy disposition of the controversy," *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988), unlike Defendants' preferred disposition, which would have this Court dismiss the existing case, require Guardians to file a new lawsuit challenging the rescission, and, if it prevails, file a third lawsuit. It is precisely such "technical obstacles to a determination of the controversy on its merits" that Rules 15(a)(2) and 15(d) are intended to "minimize." *Planned Parenthood*, 130 F.3d at 403 (quoting *United States v. Reiten*, 313 F.2d 673, 675 (9th Cir. 1963)).

Conclusion.

The Court should grant Guardians leave to file their proposed amended and supplemental complaint, order Defendants to file their answer and administrative records, and order the parties and applicants to intervene to meet and confer before submitting a report under District Idaho L. Rule 16.1.

Date: November 30, 2020.   Respectfully submitted,

/s/ Peter M. K. Frost
Peter M. K. Frost, *pro hac vice*
Sangye Ince-Johannsen, *pro hac vice*
Dana M. Johnson, Idaho Bar #8359