Cherese D. McLain (ISB No.7911)
MSBT Law, Chtd.
7699 West Riverside Drive
Boise, ID 83714
(208) 331-1800 (phone)
cdm@msbtlaw.com

Travis Jordan (WSB No. 7-5721) *Pro Hac Vice*
Assistant Attorney General
Wyoming Attorney General's Office
2320 Capitol Avenue
Cheyenne, WY  82002
(307) 777-7895 (phone)
(307) 777-3542 (fax)
travis.jordan@wyo.gov

*Counsel for Proposed Intervenor State of Wyoming*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILDEARTH GUARDIANS, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>U.S. FOREST SERVICE, U.S. FISH AND WILDLIFE SERVICE,<br><br>Defendants. | Case No.  1:19-CV-203-CWD<br><br>**STATE OF WYOMING'S [PROPOSED] ANSWER TO PLAINTFFS' AMENDED AND SUPPLEMENTAL COMPLAINT** |

The State of Wyoming submits this proposed Answer to Plaintiffs' Amended and Supplemental Complaint (ECF No. 56) and asserts the State's affirmative defenses as follows:

1. Wyoming admits the allegations in the following: Paragraph 7; Paragraph 13 through Paragraph 15; the first through seventh sentences of Paragraph 17; the first and second sentence of Paragraph 18; Paragraph 19; the first sentence of Paragraph 41; the first and second sentence of Paragraph 43; the first through third sentence of Paragraph 46; the sixth through eighth sentence of Paragraph 46; Paragraph 49; Paragraph 50; Paragraph 52 through 57; and the first and second sentence of Paragraph 83.

2. Wyoming avers that the fifth and sixth sentence of Paragraph 18 may be true, but are not necessarily true. Wyoming avers that the allegations in the first through fourth sentences in Paragraph 21 may be true at some times and in some places, but adds that the State regulates such activities. Wyoming avers that the allegations in Paragraphs 48, 51, 58, 59, 60, 61, 62, 63, 64 are accurate but notes that no bait was involved in these incidents; Wyoming avers that the allegations in Paragraph 68 are accurate, but adds that the hunter acted in self-defense. Wyoming avers the second sentence of Paragraph 82 may be true in locations, but that this has not been documented in Wyoming. To the extent a response is required, Wyoming denies the allegations.

3. Wyoming denies the allegations in the following: the third sentence of Paragraph 22; Paragraph 47; Paragraph 67; and Paragraphs 78 through 81.

4. The allegations in the following purport to characterize Plaintiffs' case or are conclusions of law: Paragraph 1; Paragraph 6; Paragraph 8; Paragraph 87; and Paragraphs 89 through Paragraph 91. To the extent a response is required, Wyoming denies the allegations.

5. The allegations in the following purport to characterize a document or the contents of a document that speaks for itself and is therefore the best evidence of its contents: Paragraph 16; Paragraph 23; Paragraphs 24 through 25; Paragraphs 27 through 40; the second through

fourth sentences of Paragraph 41; the second through fourth sentences of Paragraph 42; the third through fifth sentences of Paragraph 43; Paragraph 74; Paragraph 84; Paragraph 86; and Paragraph 88. To the extent a response is required, Wyoming denies the allegations.

6. The allegations in the following are vague, ambiguous and/or speculative: Paragraph 2; the third and fourth sentence of Paragraph 18; Paragraph 44; the fourth through fifth sentence of Paragraph 46; Paragraph 69; Paragraph 73; Paragraphs 75 through 77; and the first sentence of Paragraph 82. Accordingly, no response is required. To the extent a response is required, Wyoming denies the allegations.

7. Wyoming is without knowledge or information sufficient to form a belief as to the truth of the allegations in the following: Paragraph 3 through Paragraph 5; Paragraph 9 through Paragraph 12; the eighth sentence of Paragraph 17; Paragraph 20; the fifth sentence of Paragraph 21; the first, second, and fourth sentences of Paragraph 22; Paragraph 26; the fifth sentence of Paragraph 41; the first and fifth sentences of Paragraph 42; sixth sentence of Paragraph 43; Paragraph 45; Paragraph 65; Paragraph 66; Paragraphs 70 through 72; and the third sentence of Paragraph 83. To the extent a response is required, Wyoming denies the allegations.

8. The allegations in Paragraphs 85 merely incorporates by reference previously-stated allegations. Accordingly, no response is required. To the extent a response is required, Wyoming denies the allegations.

9. Wyoming denies each and every allegation in Plaintiffs' Amended and Supplemental Complaint that Wyoming has not expressly admitted, specifically answered, or responded to herein.

10. Wyoming denies that Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Wyoming reserves the right to assert affirmative defenses at a later date.

WHEREFORE, the State of Wyoming requests that Plaintiffs' Amended and Supplemental Complaint (ECF No. 56) be dismissed with prejudice, that Wyoming be awarded its costs incurred, and for such other relief as this Court deems just and proper.

Dated this 2nd day of February, 2021.

FOR PROPOSED DEFENDANT-INTERVENOR
STATE OF WYOMING

/s/ Cherese D. McLain

Cherese D. McLain (ISB No. 7911)
MSBT Law
7699 West Riverside Drive
Boise, ID 83714
(208) 331-1800 (phone)
cdm@msbtlaw.com

Travis Jordan (WSB No. 7-5721) *Pro Hac Vice*
Assistant Attorney General
Wyoming Attorney General's Office
2320 Capitol Avenue
Cheyenne, WY  82002
(307) 777-6946 (phone)
(307) 777-3542 (fax)
travis.jordan@wyo.gov

*Attorneys for the State of Wyoming*