Jeremy E. Clare, D.C. Bar No. 1015688
Safari Club International
501 2nd Street N.E.
Washington, D.C. 20002
Tel:  202-543-8733
Fax: 202-403-2244
jclare@safariclub.org
*Admitted Pro Hac Vice*

Cherese D. McLain, ISB No. 7911
MSBT Law, Chtd.
7699 West Riverside Drive
Boise, ID 83714
Tel: 208-331-1800
Fax: 208-331-1202
cdm@msbtlaw.com

*Attorneys for Defendant-Intervenor Applicant*
*Safari Club International*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILDEARTH GUARDIANS, et al., | |
| Plaintiffs, | Case No. 1:19-cv-00203-CWD |
| v. | |
| U.S. FOREST SERVICE, et al., | **[PROPOSED] ANSWER OF SAFARI CLUB INTERNATIONAL TO PLAINTIFFS' AMENDED AND SUPPLEMENTAL COMPLAINT** |
| Defendants, | |
| SAFARI CLUB INTERNATIONAL, | |
| Defendant-Intervenor Applicant. | |

Safari Club International ("Safari Club"), by and through counsel and pursuant to the Federal Rules of Civil Procedure and the local rules of this Court, respectfully submits this answer to the individually numbered paragraphs of the Amended and Supplemental Complaint ("Complaint") (Dkt. 56) filed by WildEarth Guardians *et al.* ("Plaintiffs").

Safari Club answers each paragraph of the Complaint without waiving but expressly reserving all rights to seek relief by appropriate motions.

1. Safari Club admits that Plaintiffs have filed suit seeking declaratory and injunctive relief.  Safari Club otherwise denies the remaining allegations of Paragraph 1.

Jurisdiction and Venue

2. The allegations in Paragraph 2 state conclusions of law, to which no response is required.  To the extent that the allegations of Paragraph 2 refer to, quote, cite, characterize, or paraphrase federal statutes or other documents, those documents speak for themselves and are the best evidence of their own content.  To the extent that any further response is required, Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the factual allegations in Paragraph 3 and for that reason denies them.

3. Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the factual allegations in Paragraph 3 and for that reason denies them.

4. Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the factual allegations in Paragraph 4 and for that reason denies them.

5. Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the factual allegations in Paragraph 5 and for that reason denies them.

6. Paragraph 6 states conclusions of law, to which no response is required.  To the extent that the allegations of Paragraph 6 refer to, quote, cite, characterize, or paraphrase federal statutes, those documents speak for themselves and are the best evidence of their own content.  To the extent that any further response is required, Safari Club denies the remaining allegations of Paragraph 6.

7. Paragraph 7 states conclusions of law, to which no response is required.  To the extent that the allegations of Paragraph 7 refer to, quote, cite, characterize, or paraphrase federal statutes, those documents speak for themselves and are the best evidence of their own content.  To the extent that any further response is required, Safari Club denies the remaining allegations of Paragraph 7.

8. Paragraph 8 states conclusions of law, to which no response is required.  To the extent that the allegations of Paragraph 8 refer to, quote, cite, characterize, or paraphrase federal statutes, those documents speak for themselves and are the best evidence of their own content.  To the extent that any further response is required, Safari Club denies the remaining allegations of Paragraph 8.

Parties

9. Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the factual allegations of Paragraph 9 and for that reason denies them.  Safari Club specifically denies the allegations in the seventh, eighth, and ninth sentences of Paragraph 9.  To the extent that the allegations of Paragraph 9 state conclusions of law, no response is required.  To the extent that any further response is required, Safari Club denies the remaining allegations of Paragraph 9.

10. Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the factual allegations of Paragraph 10 and for that reason denies them.  Safari Club specifically denies the allegations in the sixth, seventh, and eighth sentences of Paragraph 10.  To the extent that the allegations of Paragraph 10 state conclusions of law, no response is required.  To the extent that any further response is required, Safari Club denies the remaining allegations of Paragraph 10.

11. Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the factual allegations of Paragraph 11 and for that reason denies them.  Safari Club specifically denies the allegations in the sixth, seventh, and eighth sentences of Paragraph 11.  To the extent that the allegations of Paragraph 11 state conclusions of law, no response is required.  To the extent that any further response is required, Safari Club denies the remaining allegations of Paragraph 11.

12. Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the factual allegations of Paragraph 12 and for that reason denies them. To the extent that any further response is required, Safari Club denies the remaining allegations of Paragraph 12.

13. Safari Club admits that defendant U.S. Forest Service is a federal agency within the U.S. Department of Agriculture. To the extent that the allegations of Paragraph 13 state conclusions of law, no response is required. To the extent that any further response is required, Safari Club denies the remaining allegations of Paragraph 13.

14. Safari Club admits that defendant U.S. Fish and Wildlife Service ("FWS") is a federal agency within the U.S. Department of the Interior. To the extent that the allegations of Paragraph 14 state conclusions of law, no response is required. To the extent that any further response is required, Safari Club denies the remaining allegations of Paragraph 14.

Facts

15. In Paragraph 15, Plaintiffs appear to be citing facts included in the June 30, 2017 rule entitled "Removing the Greater Yellowstone Ecosystem Population of Grizzly Bears From the Federal List of Endangered and Threatened Wildlife," 82 Fed. Reg. 30502 ("GYE Grizzly Bear Rule"). To the extent that the allegations of Paragraph 15 reference information from that rule, Safari Club admits that the rule includes those facts. The GYE Grizzly Bear Rule speaks for itself and is the best

evidence of its own content.  To the extent that any further response is required, Safari Club denies the remaining allegations of Paragraph 15.

16. To the extent that the allegations in Paragraph 16 refer to, quote, cite, characterize, or paraphrase Federal Register notices and Federal Regulations, those documents speak for themselves and are the best evidence of their own content.  To the extent that the allegations of Paragraph 16 misstate or mischaracterize the facts found in these documents, Safari Club denies those allegations.  To the extent that any further response is required, Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 16 and for that reason denies them.

17. Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the factual allegations in Paragraph 17 and for that reason denies them.  To the extent that the allegations of Paragraph 17 offer facts that contradict those provided by the FWS in the GYE Grizzly Bear Rule, Safari Club denies those allegations.

18. Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of Paragraph 18 and for that reason denies them.

19. Safari Club admits that Idaho and Wyoming have regulations that authorize the use of bait for the harvest of black bears.  Those regulations speak for themselves and are the best evidence of their own content.  Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations

in the second and third sentences of Paragraph 19.  To the extent that any further

response is required, Safari Club denies the remaining allegations of Paragraph 19.

20. The question of authority over the management of wildlife, including methods of

take, is a legal one.  To the extent that the allegations in Paragraph 20 state legal

conclusions, no response is required.  To the extent that any further response is

required, Safari Club denies the allegations of Paragraph 20.

21. Safari Club admits that some black bear hunters who hunt in National Forests in

Idaho and Wyoming use bait in accordance with State and Federal laws.  This fact

is supported by the declarations that Safari Club provided with its motion to

intervene.  Safari Club admits that the use of bait may take several forms, but

otherwise lacks knowledge or information sufficient to form a belief as to the truth

or accuracy of the remaining allegations in Paragraph 21 and for that reason denies

them.

22. To the extent that the allegations of Paragraph 22 refer to, quote, cite, characterize,

or paraphrase past regulations or other documents related to the use of bait for

black bear hunting on National Forests, those documents speak for themselves and

are the best evidence of their own content.  Safari Club lacks knowledge or

information sufficient to form a belief as to the truth or accuracy of the remaining

allegations of Paragraph 22 and for that reason denies them.

23. To the extent that the allegations of Paragraph 23 refer to, quote, cite, characterize,

or paraphrase documents such as a joint closure order and special use permits,

these documents speak for themselves and are the best evidence of their own

content.  Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 23 and for that reason denies them.

24. To the extent that the allegations of Paragraph 24 refer to, quote, cite, characterize, or paraphrase documents such as an Environmental Assessment and Memorandum of Understanding, these documents speak for themselves and are the best evidence of their own content.  Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 24 and for that reason denies them.

25. To the extent that the allegations of Paragraph 25 refer to, quote, cite, characterize, or paraphrase documents such as a Biological Opinion, that document speaks for itself and is the best evidence of its own content.  Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 25 and for that reason denies them.

26. Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of Paragraph 26 and for that reason denies them.

27. To the extent that the allegations of Paragraph 27 refer to, quote, cite, characterize, or paraphrase documents such as a Biological Opinion, that document speaks for itself and is the best evidence of its own content.  Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 27 and for that reason denies them.

28. To the extent that the allegations of Paragraph 28 refer to, quote, cite, characterize, or paraphrase documents such as a Biological Opinion and an Incidental Take Permit, those documents speak for themselves and are the best evidence of their own content.  Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 28 and for that reason denies them.

29. To the extent that the allegations of Paragraph 29 refer to, quote, cite, characterize, or paraphrase documents such as "an MOU related to the use of bait in national forests in Wyoming" and closure orders, those documents speak for themselves and are the best evidence of their own content.  Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 29 and for that reason denies them.

30. To the extent that the allegations of Paragraph 30 refer to, quote, cite, characterize, or paraphrase documents such as a Decision Notice and closure orders, those documents speak for themselves and are the best evidence of their own content. Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 30 and for that reason denies them.

31. To the extent that the allegations of Paragraph 31 refer to, quote, cite, characterize, or paraphrase documents such as closure or food storage orders, those documents speak for themselves and are the best evidence of their own content.  Safari Club lacks knowledge or information sufficient to form a belief as to the truth or

accuracy of the remaining allegations of Paragraph 31 and for that reason denies them.

32. To the extent that the allegations of Paragraph 32 refer to, quote, cite, characterize, or paraphrase documents such as an Environmental Assessment and interim national policy, those documents speak for themselves and are the best evidence of their own content.  Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 32 and for that reason denies them.

33. To the extent that the allegations of Paragraph 33 refer to, quote, cite, characterize, or paraphrase documents such as agency communications, those documents speak for themselves and are the best evidence of their own content.  Safari Club otherwise lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 33 and for that reason denies them.

34. To the extent that the allegations of Paragraph 34 refer to, quote, cite, characterize, or paraphrase documents such as agency communications, those documents speak for themselves and are the best evidence of their own content.  Safari Club otherwise lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 34 and for that reason denies them.

35. To the extent that the allegations of Paragraph 35 refer to, quote, cite, characterize, or paraphrase documents such as agency communications, those documents speak

for themselves and are the best evidence of their own content.  Safari Club

otherwise lacks knowledge or information sufficient to form a belief as to the truth

or accuracy of the remaining allegations of Paragraph 35 and for that reason

denies them.

36. To the extent that the allegations of Paragraph 36 refer to, quote, cite, characterize,

or paraphrase documents such as agency communications, those documents speak

for themselves and are the best evidence of their own content.  Safari Club

otherwise lacks knowledge or information sufficient to form a belief as to the truth

or accuracy of the remaining allegations of Paragraph 36 and for that reason

denies them.

37. The allegations of Paragraph 37 refer to, quote, cite, characterize, or paraphrase

documents such as a national policy; that document speaks for itself and is the best

evidence of its own content.  Safari Club otherwise lacks knowledge or

information sufficient to form a belief as to the truth or accuracy of the remaining

allegations of Paragraph 37 and for that reason denies them.

38. Safari Club admits that the State of Wyoming authorizes the use of bait for black

bear hunting in certain areas of the state.  To the extent that the remaining

allegations of Paragraph 38 refer to, quote, cite, characterize, or paraphrase

Wyoming regulations that address black bear hunting with bait, those regulations

speak for themselves and are the best evidence of their own content.  Safari Club

lacks knowledge or information sufficient to form a belief as to the truth or

11

accuracy of the remaining allegations of Paragraph 38 and for that reason denies them.

39. Safari Club admits that the State of Idaho authorizes the use of bait for black bear hunting in certain areas of the state, including in National Forest lands. This information is supported by the declarations that Safari Club provided with its motion to intervene. Safari Club also admits that grizzly bears have been found in some areas where black bear hunting over bait is authorized. This information is also supported by the declarations that Safari Club provided with its motion to intervene. To the extent that the remaining allegations of Paragraph 39 refer to, quote, cite, characterize, or paraphrase Idaho regulations that address black bear hunting with bait, those regulations speak for themselves and are the best evidence of their own content. Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 39 and for that reason denies them.

40. To the extent that the allegations of Paragraph 40 refer to, quote, cite, characterize, or paraphrase Idaho regulations that address black bear hunting with bait, those regulations speak for themselves and are the best evidence of their own content. Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 40 and for that reason denies them.

41. To the extent that the allegations of Paragraph 41 refer to, quote, cite, characterize, or paraphrase documents such as a food closure order, that document speaks for

itself and is the best evidence of its own content.  Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 41 and for that reason denies them.

42. To the extent that the allegations of Paragraph 42 refer to, quote, cite, characterize, or paraphrase documents such as a food closure order, that document speaks for itself and is the best evidence of its own content.  Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 42 and for that reason denies them.

43. To the extent that the allegations of Paragraph 43 refer to, quote, cite, characterize, or paraphrase documents such as a food closure order, that document speaks for itself and is the best evidence of its own content.  Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 43 and for that reason denies them.

44. To the extent that the allegations of Paragraph 44 refer to, quote, cite, characterize, or paraphrase documents such as food closure orders, those documents speak for themselves and are the best evidence of their own content.  Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 44 and for that reason denies them.

45. Safari Club admits that hunters use bait to harvest black bears on the Caribou-Targhee National Forest in Idaho.  To the extent that the remaining allegations of Paragraph 45 refer to, quote, cite, characterize, or paraphrase Idaho regulations that address black bear hunting with bait, those regulations speak for themselves

and are the best evidence of their own content.  Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 45 and for that reason denies them.

46. To the extent that the allegations of Paragraph 46 refer to, quote, cite, characterize, or paraphrase Wyoming regulations that address black bear hunting with bait, those regulations speak for themselves and are the best evidence of their own content.  Safari Club lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 46 and for that reason denies them.

47. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and for that reason denies them.

48. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and for that reason denies them.

49. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 and for that reason denies them.

50. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and for that reason denies them.

51. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 and for that reason denies them.

52. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and for that reason denies them.

53. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and for that reason denies them.

54. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and for that reason denies them.

55. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and for that reason denies them.

56. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and for that reason denies them.

57. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 and for that reason denies them.

58. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 and for that reason denies them.

59. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and for that reason denies them.

60. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 and for that reason denies them.

61. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 and for that reason denies them.

62. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 and for that reason denies them.

63. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 and for that reason denies them.

64. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 and for that reason denies them.

65. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 and for that reason denies them.

66. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 and for that reason denies them.

67. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 and for that reason denies them.

68. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and for that reason denies them.

69. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 and for that reason denies them.

70. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and for that reason denies them.

71. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 and for that reason denies them.  Safari Club also specifically denies the relevance of the allegations of Paragraph 71 related to "human food sources," which are not the same thing as use of bait for hunting.

72. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and for that reason denies them.

73. Safari Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 and for that reason denies them.

74. Safari Club denies the allegations of Paragraph 74.

75. Safari Club denies the allegations of Paragraph 75.

76. Safari Club denies the allegations of Paragraph 76.

77. Safari Club denies the allegations of Paragraph 77.

78. Safari Club denies the allegations of Paragraph 78.

79. Safari Club denies the allegations of Paragraph 79.

80. Safari Club denies the allegations of Paragraph 80.

81. Safari Club denies the allegations of Paragraph 81.

82. Safari Club lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 82 and for that reason denies them.

83. Safari Club lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 83 and for that reason denies them.

84. To the extent that the allegations of Paragraph 84 refer to, quote, cite, characterize, or paraphrase documents such as agency communications, those documents speak for themselves and are the best evidence of their own content.  Safari Club otherwise lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 84 and for that reason denies them.

## Claims for Relief

## Claim One: Endangered Species Act

85. Safari Club incorporates all its responses from Paragraphs 1-84.

86. To the extent that the allegations of Paragraph 86 state conclusions of law, no response is required.  To the extent that the allegations of Paragraph 86 refer to, quote, cite, characterize, or paraphrase federal statutes and regulations, judicial rulings, and a Biological Opinion, those documents speak for themselves and are the best evidence of their own content.  Safari Club specifically denies the allegations in the final two sentences of Paragraph 86.  To the extent that any further response is required, Safari Club denies the remaining allegations of Paragraph 86.

87. To the extent that the allegations of Paragraph 87 state conclusions of law, no response is required.  To the extent that the allegations of Paragraph 87 refer to, quote, cite, characterize, or paraphrase federal statutes and regulations, judicial rulings, and an Incidental Take Statement, those documents speak for themselves and are the best evidence of their own content.  Safari Club specifically denies the allegations in the final two sentences of Paragraph 87.  To the extent that any further response is required, Safari Club denies the remaining allegations of Paragraph 87.

88. To the extent that the allegations of Paragraph 88 state conclusions of law, no response is required.  To the extent that the allegations of Paragraph 88 refer to, quote, cite, characterize, or paraphrase federal statutes, regulations, and other agency documents, those documents speak for themselves and are the best

evidence of their own content.  To the extent that any further response is required, Safari Club denies the remaining allegations of Paragraph 88.

89. To the extent that the allegations of Paragraph 89 state conclusions of law, no response is required.  To the extent that the allegations of Paragraph 89 refer to, quote, cite, characterize, or paraphrase federal statutes, regulations, and other agency documents, those documents speak for themselves and are the best evidence of their own content.  Safari Club denies the remaining allegations of Paragraph 89.

90. To the extent that the allegations of Paragraph 90 state conclusions of law, no response is required.  To the extent that the allegations of Paragraph 90 refer to, quote, cite, characterize, or paraphrase federal statutes, regulations, and other agency documents, those documents speak for themselves and are the best evidence of their own content.  Safari Club denies the remaining allegations of Paragraph 90.

91. To the extent that the allegations of Paragraph 91 state conclusions of law, no response is required.  To the extent that the allegations of Paragraph 91 refer to, quote, cite, characterize, or paraphrase federal statutes, regulations, and other agency documents, those documents speak for themselves and are the best evidence of their own content.  Safari Club denies the remaining allegations of Paragraph 91.

Relief Sought

The final paragraphs of the Complaint contain a prayer for relief to which no response is required.  To the extent that any response is required, Safari Club denies the allegations and requested relief in these paragraphs.

## AFFIRMATIVE DEFENSES

Without taking on the burden of proof for a matter on which that burden properly rests on Plaintiffs, Safari Club states that the following defenses bar Plaintiffs' claim:

1. Plaintiffs fail to state a claim for which relief may be granted.

2. Plaintiffs fail to demonstrate standing to assert their claim.

3. This Court lacks jurisdiction over Plaintiffs' claim.

4. Plaintiffs' claim is barred by the applicable statute of limitations.

Safari Club reserves the right to name additional affirmative defenses as they may be discovered after the filing of this [Proposed] Answer and before the final resolution of this matter.

DATED this 10th day of February 2021.

Respectfully Submitted,


/s/ Jeremy Clare
Jeremy E. Clare, D.C. Bar No. 1015688
Safari Club International
501 2nd Street N.E.
Washington, D.C. 20002
Tel:   202-543-8733
Fax:   202-403-2244
jclare@safariclub.org
*Admitted Pro Hac Vice*

Cherese D. McLain, ISB No. 7911
MSBT Law, Chtd.
7699 West Riverside Drive
Boise, ID 83714
Tel:    208-331-1800
Fax:    208-331-1202
cdm@msbtlaw.com

*Attorneys for Defendant-Intervenor Applicant*
*Safari Club International*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February 2021, I electronically filed the

foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice

of electronic filing to all counsel of record.


/s/ Jeremy Clare
Jeremy E. Clare