Dana M. Johnson, Idaho Bar #8359
Wilderness Watch
P.O. Box 9623
Moscow, Idaho 83843
Tel: (208) 310-7003
danajohnson@wildernesswatch.org

Matthew K. Bishop, *pro hac vice*
Western Environmental Law Center
103 Reeder's Alley
Helena, Montana 59601
Tel: 406-324-8011
bishop@westernlaw.org

Peter M.K. Frost, *pro hac vice*
Sangye Ince-Johannsen, *pro hac vice*
Western Environmental Law Center
120 Shelton McMurphey Blvd., Suite 310
Eugene, Oregon 97401
frost@westernlaw.org
sangyeij@westernlaw.org
Tel: 541-359-3238 / 541-778-6626

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILDEARTH GUARDIANS, et al., | Case No. 1:19-cv-00203-CWD |
| Plaintiffs, | |
| v. | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPLETE OR SUPPLEMENT THE ADMINISTRATIVE RECORD** |
| U.S. FOREST SERVICE, et al., | |
| Defendants, | |
| STATE OF WYOMING, et al., | |
| Defendants-Intervenors. | |

Plaintiffs WildEarth Guardians et al. ("Guardians") hereby respectfully file this memorandum in support of their motion seeking an order requiring Defendant U.S. Forest Service to complete or supplement its administrative record.

Standard of Review.

An agency's administrative record must include all materials "directly or indirectly considered by the agency decision-makers." *Thompson v. U.S. Dept. of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). A motion to complete or supplement the record may be granted where the agency "fails to submit the whole record." *Ctr. for Envtl. Health v. Perdue*, No. 18-cv-01763-RS, 2019 WL 3852493, *2 (N.D. Cal. May 6, 2019) (quotation omitted). "In general, any agency's proposed administrative record is entitled to a presumption of completeness." *Id.* (quotation omitted). This presumption may be rebutted, however, with "clear evidence to the contrary." *Indigenous Environmental Network v. U.S. Department of State*, No. CV-17-29-GF-BMM, 2018 WL 1796217, *2 (D. Mont. April 6, 2018) (citation omitted). This includes evidence that the agency "allegedly omitted material," or providing "reasonable, non-speculative grounds for the belief that the alleged documents were considered by the agency and not included in the record." *Id.* The movant does not need to show bad faith or improper motive on behalf of the agency. *Id.*

Argument.

As the Court is aware, in 1993, the Forest Service prepared an Environmental Assessment under NEPA to evaluate whether and how to regulate the use of bait in national forests in Wyoming. Order of Dec. 23, 2020, at 3 (ECF 55); *see* Administrative Record (ECF 77) ("AR") 040–70 (1993 EA). The proposed action in the 1993 EA was to regulate noncommercial bear baiting on National Forest Service lands in Wyoming through state game regulations via a memorandum of understanding with the Wyoming Game and Fish Commission. AR 56. The Forest Service then issued a Decision Notice adopting a modified alternative from the 1993 EA,

Plaintiffs' Memo. in Support of Motion to Complete or Supplement AR, Case No. 1:19-cv-00203-CWD

which provides that the Forest Service will, "[t]hrough a Memorandum of Understanding with the Wyoming Game and Fish Commission regulate noncommercial bear baiting on National Forest System lands through State Game Regulations and the Forest Service will close all designated Wilderness and specified portions of grizzly habitat to bear baiting." AR 103. Subsequently, the Forest Service withdrew the 1993 Decision Notice. AR 130.

In 1995, the Forest Service issued another Environmental Assessment, this time considering the effects of the proposed action of adopting a National Policy related to the use of bait in national forests. AR 161–62. The Policy includes this provision: "For the purposes of this section and to assure consistency in coordination of national forest wildlife matters with State agencies, the authorized officer is the Regional Forester or Forest Supervisor responsible for executing memorandums of understanding with the State wildlife agency (FSM 2610)." AR 162. The 1995 EA states:

> The State of Wyoming can be used as an example of how the proposed policy would work. Through Memorandums of Understanding with both the U.S. Fish and Wildlife Agency and the State of Wyoming Game and Fish Commission (Appendix C), the Forest Service consulted with the U.S. Fish and Wildlife Service and the Wyoming Game and Fish Commission to develop State regulations that would adequately protect threatened and endangered species, especially the grizzly bear. The Wyoming State regulations prohibit the placement of bait for the hunting of black bear in management area 25 (North Absaroka) and management area 26 (South Absaroka) to protect grizzly bears, and have prohibited the placement of baits in the designated recovery area for grizzly bears.

AR 160. The 1995 EA includes an Appendix C, which is comprised of Wyoming's state regulations related to placement of bait, but it does not include a memorandum of understanding. AR 215–25.

A Forest Service document in the AR explains: "Each State has a Memorandum of Understanding with the Forest Service recognizing the role of the Forest Service in cooperatively developing fish and wildlife laws and regulations and especially those concerning hunting, fishing, and trapping as they would apply to occupancy and use of National Forest System

lands." AR 251. The AR also includes a document that states, in the context of how the National Policy related to baiting will be implemented:

> Will States and the Forest Service have to redo their Memorandums of Understanding (MOU's) because of this policy?
>
> Currently, each State containing Forest Service System lands has a MOU. Most MOU's are general in nature and may not address the baiting issue specifically. However, most State's [*sic*] MOUs recognize the role of the Forest Service in cooperating in the development of State fish and wildlife regulations; especially those addressing hunting, fishing, and trapping as they would apply to occupancy and use of National Forest System lands. MOU's will need to be reviewed to insure cooperation in the development of these regulations is allowed. If it isn't, the policy requires the Forest Service to ensure the MOU's contain this language.

AR 252. This document appears to provide that the National Policy requires that the Forest Service review its MOUs to ensure cooperation in development of the Policy. *Id*.

After the Forest Service adopted the National Policy, the AR includes a Memorandum of Understanding between the Forest Service (Rocky Mountain Region and Intermountain Region), the State of Wyoming, and the Wyoming Game and Fish Commission. AR 347–42. This memorandum lists "Specific Areas of Cooperation" among the entities. AR 339. One of the areas of cooperation, under the heading "Activity Plan coordination," is "Bear baiting." AR 340. Apparently, whatever the entities may have agreed to related to bear baiting is denoted in an "Appendix 5r." AR 339–40. Although the AR includes some appendices to this Memorandum of Understanding, *see* AR 343–57, it does not include an Appendix 5r.

Before filing this motion, on April 30, 2021, counsel for Guardians reached out to counsel for the Forest Service to ask that the agency include Appendix 5r in the AR. On May 10, 2021, counsel for the Forest Service emailed that the agency is continuing its search.

Given that today is the deadline for Guardians to file any motion to related to the AR, Guardians respectfully requests that the Court order the Forest Service to complete or

Plaintiffs' Memo. in Support of Motion to Complete or Supplement AR, Case No. 1:19-cv-00203-CWD

supplement its AR with any MOU, appendix to an MOU, or supplement to an MOU that details terms of agreement between it and any state as to the use of bait on Forest Service lands.

Date: May 11, 2021.              Respectfully submitted,

/s/ Peter M. K. Frost
Peter M. K. Frost, *pro hac vice*
Sangye Ince-Johannsen, *pro hac vice*
Dana M. Johnson, Idaho Bar #8359