Dana M. Johnson, Idaho Bar #8359
Wilderness Watch
P.O. Box 9623
Moscow, Idaho 83843
Tel: (208) 310-7003
danajohnson@wildernesswatch.org

Matthew K. Bishop, *pro hac vice*
Western Environmental Law Center
103 Reeder's Alley
Helena, Montana 59601
Tel: 406-324-8011
bishop@westernlaw.org

Peter M. K. Frost, *pro hac vice*
Sangye Ince-Johannsen, *pro hac vice*
Western Environmental Law Center
120 Shelton McMurphey Blvd., Suite 340
Eugene, Oregon 97401
frost@westernlaw.org
sangyeij@westernlaw.org
Tel: 541-359-3238 / 541-778-6626

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILDEARTH GUARDIANS, et al., | Case No. 1:19-cv-00203-CWD |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO** |
| v. | **FEDERAL DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING DISCOVERY REQUESTS [Dkt. 84]** |
| U.S. FOREST SERVICE, et al., | |
| Defendants, | |
| STATE OF IDAHO, et al., | |
| Defendants-Intervenors. | |

Plaintiffs WildEarth Guardians et al. ("Guardians") hereby respectfully file this response to oppose the motion of Defendants U.S. Forest Service and U.S. Fish and Wildlife Service ("Federal Defendants") for a protective order to prohibit discovery in this case (Dkt. No. 84).

Standard of Review.

In civil cases, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). However, a court may issue a protective order in the context of discovery "to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "The Supreme Court has interpreted this language as conferring 'broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" *Phillips ex. rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). A protective order may issue only "for good cause shown." FED. R. CIV. P. 26(c)(1). "If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery. *Id*. at 26(c)(2).

Argument.

Guardians notes a premise to the Court's consideration of this motion. As Federal Defendants note, Guardians has propounded discovery on Federal Defendants, and they have responded. Mot. at 2 & n.2.[1] Federal Defendants' motion, however, does not challenge any of Guardians' specific discovery requests. Instead, their motion raises only the general legal issue

---

[1] Here and throughout, Guardians cites to internal pagination, not ECF-generated pagination.

of whether "discovery is . . . permitted on the claims before the Court." Mot. at 2. For the reasons set forth below, discovery is permitted.

A.     The Scope of Review for Guardians' ESA Citizen Suit Claim Against the Forest Service is Not Limited to an Administrative Record.

Guardians alleges in its amended and supplemental complaint that the Forest Service has unlawfully failed to reinitiate consultation with the Fish and Wildlife Service ("FWS"). (Dkt. 56 ¶¶ 86 & 87). As Federal Defendants appear to concede, that claim is properly brought under the citizen suit provision of the ESA. Mot. at 4–5; *see Salmon Spawning & Recovery Alliance v. Gutierrez*, 545 F.3d 1220, 1229–30 (9th Cir. 2008). In turn, the Ninth Circuit has twice held that the scope of review for claims brought under the citizens suit provision of the ESA is not limited to any administrative record.

In *Washington Toxics Coalition v. EPA*, 413 F.3d 1024 (9th Cir. 2005), *abrogated on other grounds*, *Nat'l Family Farm Coalition v. EPA*, 966 F.3d 893, 911 n.5 (9th Cir. 2020), the plaintiffs brought a claim under the citizens suit provision of the ESA challenging the failure of the EPA to consult under Section 7 of the ESA with the National Marine Fisheries Service ("NMFS") on the effects of registering certain pesticides. *Id*. at 1028. In the district court, the plaintiffs and the EPA both filed declarations to prove whether the EPA was required to consult. *Washington Toxics Coalition v. EPA*, No. 2:01-cv-00132-JCC, 2002 WL 34213031, at *5 n.16 (July 2, 2002) (Summary Judgment Order (Dkt. No. 73)); *see id.* 2002 WL 34437291, at *13 (April 18, 2002) (Plaintiffs' Opposition to Defendants and Defendant-Intervenors' Motion for Summary Judgment and Reply in Support of Plaintiffs' Motion for Summary Judgment (Dkt. No. 63)) (citing declarations). The intervenors asserted the case should be resolved on the basis of an administrative record, not the declarations. *Id*. 2002 WL 34213031, at *3 & n.8. The district court held that "plaintiffs employ the ESA citizen-suit provision to assert section 7(a)(1) and 7(a)(2) claims. Therefore, the APA, including its peculiar doctrines, does not govern

plaintiffs' claims. . . . For example, in the context of section 7(a)(2) and ongoing agency actions, [intervenors'] demand for an administrative 'agency record' is misplaced." *Id*. at *3.

The intervenors appealed this issue, arguing that the district court erred by deciding the case based on the parties' declarations rather than an administrative record. *Washington Toxics*, No. 04-34138, 2004 WL 1660996, at *16 (9th Cir. June 2, 2004) (Appellants' Opening Brief (Dkt. No. 21)). Thus, when the Ninth Circuit in *Washington Toxics* affirmed the district court's order and held that "the APA does not govern the plaintiff's claims," 413 F.3d at 1034, this was not dicta. Rather, the Ninth Circuit considered and rejected the same arguments Federal Defendants make here, holding that district courts may consider extra-record evidence proffered by the parties to resolve ESA citizen suit claims. On this point, *Washington Toxics* is indeed "the law of this Circuit on the scope of review for ESA claims." *Contra* Mot. at 18.

The Ninth Circuit reaffirmed this rule in *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 495–96 (9th Cir. 2011). In *Kraayenbrink*, the plaintiffs sued the Bureau of Land Management under the ESA citizen suit provision, alleging the agency violated the ESA by failing to consult before approving grazing regulations. *W. Watersheds Project v. Kraayenbrink*, 538 F. Supp. 2d 1302, 1311 (D. Idaho 2008). Judge Winmill considered the plaintiffs' declarations "from recognized experts establishing that the [regulations] 'may affect' listed species." *Id*. at 1323. On appeal, the intervenors argued that Judge Winmill erred by considering extra-record evidence to review the ESA citizen suit claim. *Kraayenbrink*, 632 F.3d at 497. The Ninth Circuit rejected their argument, upheld Judge Winmill's decision, and reaffirmed its holding in *Washington Toxics*: "the APA applies only where there is 'no other adequate remedy in a court,' 5 U.S.C. § 704, and—because the ESA provides a citizen suit remedy—the APA does not apply in such actions." *Id*. (citing *Washington Toxics*, 413 F.3d at 1034).

Consistent with the holdings of *Washington Toxics* and *Kraayenbrink*, many district courts within the Ninth Circuit have considered extra-record evidence in reviewing ESA citizen

suit claims. Indeed, less than a month ago, Judge Winmill denied the federal defendants' motion

to strike declarations the plaintiffs had filed on the merits of their ESA consultation claims,

because under *Kraayenbrink*, judicial review of ESA claims is not limited to any administrative

record. *Friends of the Clearwater v. U.S. Forest Service* ("*Friends of the Clearwater III*"), 3:20-

cv-00322-BLW, 2021 WL 3408595, at \*4 (D. Idaho Aug. 4, 2021); *see also WildEarth*

*Guardians v. Jeffries*, 370 F. Supp. 3d 1208, 1227 (D. Or. 2019) (following *Kraayenbrink* and

*Washington Toxics* in considering extra-record material in ESA citizen suit case); *Nat. Res. Def.*

*Council v. Zinke*, 347 F. Supp. 3d 465, 500–01 (E.D. Cal. 2018) (following *Kraayenbrink* in

admitting extra record evidence, because "[t]his court does not make law and cannot ignore an

express holding of the Ninth Circuit that is directly on point"); *Nw. Envtl. Advocates v. U.S.*

*Dep't of Commerce*, Case No. C16-1866-JCC, 207 U.S. Dist. LEXIS 185295, at \*2–3 (W.D.

Wash. Nov. 8, 2017) ("adjudication of an ESA citizen-suit claim requires a broader, more

searching analysis than the administrative record can provide"); *W. Watersheds Project v. FWS*,

4:13-cv-176-BLW, 2013 WL 3270363, at \*7 (D. Idaho June 26, 2013) (following *Kraayenbrink*

and *Washington Toxics* in considering extra-record material in ESA citizen suit case);

*Conservation Congress v. U.S. Forest Service*, No. 2:16-cv-00864-MCE-AC, 2017 WL

4340254, at \*1–2 (E.D. Cal. Sept. 29, 2017) (finding that "there can be no question that the

Court in this [ESA citizen suit] case 'may consider evidence outside the administrative record'");

*Native Fish Society v. Nat'l Marine Fisheries Service*, 992 F. Supp. 2d 1095, 1106 (D. Or. 2014)

(claim arising under the ESA's citizen-suit provision "is evaluated with *any* admissible evidence

and is not limited to the administrative record") (emphasis added); *Nw. Coalition for Alternatives*

*to Pesticides v. EPA*, 920 F. Supp. 2d 1168, 1174– 75 (W.D. Wash. 2013) (considering extra-

record evidence in ESA case challenging agencies' failure to consult under Section 7); *Or. Nat.*

*Desert Ass'n v. Kimbell*, 593 F. Supp. 2d 1217, 1220 (D. Or. 2009) (under *Washington Toxics*,

claims "arising directly under the ESA Citizen Suit Provision . . . based upon events occurring in

the aftermath of agency decisions, are not limited by the APA scope of review."); *Defs. of Wildlife v. Martin*, 454 F. Supp. 2d 1085, 1094 (E.D. Wash. 2006) (same).

Federal Defendants are wrong that the rule of *Washington Toxics* and *Kraayenbrink* is inconsistent with the "litany of Ninth Circuit . . . rulings issued over more than three decades." *Cf.* Mot. at 11 (citing *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 601 (9th Cir. 2014); *San Luis & Delta-Mendota Water Auth. v. Jewell*, 776 F.3d 971, 994 (9th Cir. 2014); *Grand Canyon Trust v. U.S. Bureau of Reclamation*, 691 F.3d 1008, 1016 (9th Cir. 2012); *Westlands Water Dist. v. U.S. Dep't of Interior*, 376 F.3d 853, 865 (9th Cir. 2004); *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1205 (9th Cir. 2004); *Turtle Island Restoration Network v. NMFS*, 340 F.3d 969, 973 (9th Cir. 2003); *Ariz. Cattle Growers' Ass'n v. FWS, Bureau of Land Mgmt.*, 273 F.3d 1229, 1235 (9th Cir. 2001); *Pyramid Lake Paiute Tribe of Indians v. U.S. Dep't of Navy*, 898 F.2d 1410, 1414 (9th Cir. 1990); *Sierra Club v. Marsh*, 816 F.2d 1376, 1385-87 (9th Cir. 1987); *Village of False Pass v. Clark*, 733 F.2d 605, 609 (9th Cir. 1984)). These cases reiterate the uncontroversial principles that ESA citizen suit claims are governed by the APA standard of review, and that APA claims challenging agency actions under the ESA are limited by the APA scope of review. But none of these cases holds that ESA citizen suit claims are governed by the APA scope of review.

Nor are the holdings in *Washington Toxics* and *Kraayenbrink* inconsistent with Supreme Court cases concerning record review under other statutes. *Contra* Mot. at 10. For example, *Carlo Bianchi* concerned the appropriate scope of review under the Wunderlich Act—not the ESA. *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 713–14 (1963); *see Nw. Envtl. Advocates v. FWS*, No. 3:18-CV-01420-AC, 2019 WL 6977406, at *14 (D. Or. Dec. 20, 2019) (distinguishing *Carlo Bianchi*: "[t]he citizen-suit provision of the ESA, on the other hand, provides a mechanism by which private individuals can enforce the substantive provisions of the ESA against regulated agencies, and thus adjudication of an ESA citizen-suit claim requires a

broader, more searching analysis than the administrative record can provide") (internal quotation marks and citations omitted).

Federal Defendants rely on two sentences in *Karuk Tribe*: "compliance with the ESA is reviewed under the Administrative Procedure Act" and "[b]ecause this is a record review case, we may direct that summary judgment be granted to either party based upon our review of the administrative record." Mot. at 6 (citing *Karuk Tribe of California v. U.S. Forest Service*, 681 F.3d 1006, 1017 (9th Cir. 2012) (en banc)). In *Karuk Tribe*, the plaintiffs sued the Forest Service under the ESA citizen suit provision for failing to consult under Section 7. *Karuk Tribe*, 681 F.3d at 1011–12. The statements on which Federal Defendants rely appear in the "Standard of Review" section of the opinion with no further discussion. *Id*. at 1017. *Karuk Tribe* does not cite *Washington Toxics* or *Kraayenbrink*. Indeed, no party in *Karuk Tribe* propounded discovery or filed any extra-record evidence on the merits. The issue in this motion was not raised or briefed in *Karuk Tribe*. There is no indication that the Ninth Circuit intended its passing dictum to overrule its reasoned holdings in *Washington Toxics* and *Kraayenbrink*.

As Judge Winmill recently ruled, "*Karuk Tribe* does not mention *Kraayenbrink*. Accordingly, *Karuk Tribe* cannot be read as overruling *Kraayenbrink*. . . . This Court agrees with many other district courts that *Kraayenbrink* is still good law, and that it allows the Court to consider evidence outside the record in ESA cases." *Friends of the Clearwater v. Higgins* ("*Friends of the Clearwater II*"), No. 2:20-CV-00243-BLW, 2021 WL 827015, at *2 (D. Idaho Mar. 4, 2021); *see also Nw. Envtl. Advocates*, 2019 WL 6977406, at *14 (*Karuk Tribe* "did not 'hold' that ESA citizen-suits must adhere to the scope of review set forth in the APA, and *Karuk Tribe* did not quietly overrule *Washington Toxics* or *Kraayenbrink*"); *Friends of the River v. NMFS*, 293 F. Supp. 3d 1151, 1164 (E.D. Cal. 2018), *aff'd in part and rev'd in part on other grounds*, 786 Fed. Appx. 666 (9th Cir. 2019) (rejecting argument "that *Kraayenbrink* was a 'passing and unprecedented abrogation of the APA,' which 'flout[ed] decades of Circuit and

Supreme Court law'"); *Hoopa Valley Tribe v. NMFS*, 230 F. Supp. 3d 1106, 1124 (N.D. Cal. 2017) ("There is no indication that the Ninth Circuit intended [the 'record review'] statement to overrule the reasoning in *Washington Toxics* and *Kraayenbrink*; those cases are neither cited nor discussed in *Karuk Tribe*"); *Ellis v. Housenger*, No. C-13-1266-MMC, 2015 WL 3660079, at *3 (N.D. Cal. June 12, 2015) (same); *Nw. Coalition for Alternatives to Pesticides v. EPA*, 920 F. Supp. 2d 1168, 1174 (W.D. Wash. 2013) (same). Indeed, the Ninth Circuit recently reaffirmed the *Kraayenbrink* rule in an opinion that also cites *Karuk Tribe* for other propositions. In *Nat'l Family Farm Coalition v. EPA*, the Ninth Circuit recognized that an agency's compliance with the ESA is reviewed under the APA's arbitrary and capricious standard of review, but considered extra-record evidence. 966 F.3d 893, 926 & n.11 (9th Cir. 2020) (citing *Kraayenbrink*).

Federal Defendants' core contention that the APA's standard of review is inseparable from its scope of review—and therefore that any claim governed by the APA standard must also be limited to the APA scope—is not the law of this circuit. *Cf.* Mot. at 14–16. Indeed, Judge Winmill and other district courts have made that point clear. *See, e.g.*, *Friends of the Clearwater II*, 2021 WL 827015, at *1 ("Defendants urge that, under [precedent defendants cite here too], not only does the APA determine the standard of review, but also the scope of review. The Ninth Circuit explicitly rejected this argument in . . . *Kraayenbrink*."); *Yurok Tribe v. U.S. Bureau of Reclamation*, 231 F. Supp. 3d 450, 467–69 (N.D. Cal. 2017) (rejecting federal defendants' virtually identical arguments that APA scope and standard of review are "inextricably related"); *WildEarth Guardians v. U.S. Federal Emergency Mgmt. Agency*, No. CV 10–863–PHX–MHM, 2011 WL 905656, at *3 & n.1 (D. Ariz. Mar. 15, 2011) ("The *Kraayenbrink* Court stated unequivocally that the scope of review for ESA citizen-suit claims is not provided for by the APA and as a result parties may submit and the court may consider evidence outside the administrative record. . . . The Court notes that the *Kraayenbrink* decision did not affect Ninth Circuit precedent with respect to the standard of review in ESA citizen suit cases."); *see also*

*Indigenous Envtl. Network v. U.S. Dep't of State*, CV 17– 29/31–GF–BMM, 2017 WL 9280323, at *1 (D. Mont. Dec. 12, 2017) ("The APA provides the standard of review for the ESA, but does not dictate the scope of judicial review."). In sum, extra-record evidence is admissible for Guardians' ESA citizen suit claim.

B.   The Scope of Review for Guardians' Claim Against FWS is Not Limited to an Administrative Record.

Guardians also alleges that FWS has unlawfully failed to reinitiate consultation with the Forest Service. (Dkt. No. 56 ¶¶ 87, 88). This claim in essence seeks to compel agency action unlawfully withheld. 5 U.S.C. § 706(1); *see Hoopa Valley Tribe v. NMFS*, 230 F. Supp. 3d 1106, 1125 (N.D. Cal. 2017) (holding that the "substance" of an ESA reinitiation claim, even when plead under the Section 706(2)(A) standard of review, is "easily read as a failure to act claim under Section 706(1)"). Where plaintiffs seek to compel an agency to prepare environmental analysis, "review is not limited to the record as it existed at any single point in time, because there is no final agency action to demarcate the limits of the record." *Friends of the Clearwater v. Dombeck* ("*Friends of the Clearwater I*"), 222 F.3d 552, 560 (9th Cir. 2000). Instead, judicial review of such claims may proceed under Section 706(1) of the APA, which instructs courts to "compel agency action unlawfully withheld or unreasonably delayed," and is not limited to the administrative record provided by the agency. *Id.* (quoting 5 U.S.C. § 706(1)); *accord San Francisco BayKeeper v. Whitman*, 297 F.3d 877, 886 (9th Cir. 2002) ("As this case concerns agency inaction, there can be no final agency action that closes the administrative record or explains the agency's actions"); *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989) (courts are not limited to the administrative record "in cases where agencies are sued for a failure to take action"); *Firebaugh Canal Water Dist. v. United States*, Nos. 1:88–cv–00634 OWW DLB, 1:91–cv–00048 OWW DLB, 2010 WL 3702664, at *1, n.1 (E.D. Cal. Sept. 17, 2010) (This "*Esch*

exception parallels the exception articulated in . . . *Friends of the Clearwater [I]* . . . A court is not limited to [the four *Lands Council* record review] exceptions in a 706(1) case").

Judge Winmill recently addressed this issue precisely in this context, ruling that extra-record evidence "can be considered in addressing the APA claim against [the consulting agency] for failure to reinitiate consultation." *Friends of the Clearwater III*, 2021 WL 3408595, at *4. As Judge Winmill explained, "the claim is subject to the APA arbitrary and capricious standard of review. However, where, as here, the claim is that the agency failed to act in violation of a legal obligation, review is not limited to the administrative record." *Id*.

C.     Discovery is Allowed for Both Claims Because the Scope of Review Is Not Limited to an Administrative Record.

The Federal Rules of Civil Procedure provide narrow exemptions from a party's statutory right to conduct discovery—including for "an action for review on an administrative record." FED. R. CIV. P. 26(a)(1)(B)(i). But because judicial review of Guardians' reinitiation claims is not confined to any administrative record, and because Federal Defendants do not identify another applicable discovery exemption, Guardians is entitled to discovery on these claims.

Indeed, many district courts within the Ninth Circuit have allowed discovery for ESA citizen suit claims, under *Washington Toxics* and/or *Kraayenbrink*. *See, e.g.*, *Conservation Congress v. Finley*, No. C 11–04752 SC, 2012 WL 1564946, at *5 (N.D. Cal. May 2, 2012) (denying motion for a protective order to prohibit discovery in ESA citizen suit claim seeking reinitiation of consultation, consistent with the Ninth Circuit's "unambiguous holding in *Washington Toxics*" and "unequivocal[]" statement in *Kraayenbrink*); *Housenger*, 2015 WL 3660079, at *3 (authorizing discovery for ESA citizen suit claim challenging agencies' failure to consult); *Wild Fish Conservancy v. Nat'l Park Service*, No. C12-5109 BHS, 2012 WL 5384896, at *1 (W.D. Wash. Nov. 1, 2012) (denying motion for protective order and allowing discovery in ESA citizen suit case under *Kraayenbrink* and *Washington Toxics*); *Or. Nat. Desert Ass'n*, 593 F.

Supp. 2d at 1219–20 (allowing plaintiffs to introduce evidence, including expert reports and evidence obtained through discovery, to prove their citizen suit claims); *S. Yuba River Citizens League v. NMFS*, No. CIV. S–06–2845 LKK/JFM, 2008 WL 11400759, at *7 & *15 (E.D. Cal. Dec. 23, 2008) (authorizing discovery in ESA citizen suit claim "as to the issues of whether the [action agency] complied with the terms of the [incidental take statement]"); *see also Ctr. for Biological Diversity v. Ross*, 349 F. Supp. 3d 38, 47–48 (D.D.C. 2018) (allowing discovery for claim challenging ongoing violations of ESA Section 7); *Red Wolf Coalition v. FWS*, 210 F. Supp. 3d 796, 801 (E.D.N.C. 2016) (adopting Ninth Circuit rule and permitting discovery for ESA citizen suit claims); *Indigenous Envtl. Network*, 2017 WL 9280323, at *1 (same).

Moreover, district courts have also allowed discovery in challenges to agency inaction brought under the APA, like Guardians' claim against FWS. *See, e.g., Nat'l Law Center on Homelessness and Poverty v. U.S. Dep't of Veterans Affairs*, 842 F. Supp. 2d 127, 130 (D.D.C. 2012) (citing *Friends of the Clearwater I* favorably in authorizing discovery in case challenging agency inaction under 5 U.S.C. § 706(1)); *Milanes v. Chertoff*, No. 08 Civ. 2354-LMM, 2008 WL 2073420, at *1 (S.D.N.Y. May 13, 2008) (in APA challenge to agency inaction, "there may well be reason for discovery, since agency delay is not necessarily a discrete event resulting from a decision based upon some sort of administrative record, but may be simply . . . after-the-event justifications . . . which may need to be explored by plaintiffs.").

Conclusion.

The Court should deny Federal Defendants' motion.

Date: September 1, 2021.                    Respectfully submitted,
                                            /s/ Sangye Ince-Johannsen
                                            Sangye Ince-Johannsen, *pro hac vice*
                                            Peter M. K. Frost, *pro hac vice*
                                            Dana M. Johnson, Idaho Bar #8359