LAWRENCE G. WASDEN
ATTORNEY GENERAL
STATE OF IDAHO
DARRELL G. EARLY
Chief, Natural Resources Division
KATHLEEN E. TREVER
OWEN H. MORONEY
Deputy Attorneys General
600 S. WALNUT STREET
P.O. BOX 25
BOISE, ID 83707
TELEPHONE: (208) 334-3715
FAX: (208) 334-4885
E-Mail:   kathleen.trever@idfg.idaho.gov
          owen.moroney@idfg.idaho.gov

*Attorneys for Idaho Fish and Game Commission*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| WILDEARTH GUARDIANS, et al., | |
| Plaintiffs, | Case No. 1:19-cv-00203-CWD |
| v. | |
| U.S. FOREST SERVICE, et al., | DEFENDANT-INTERVENOR IDAHO FISH AND GAME COMMISSION'S RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS |
| Defendants. | |

1

Pursuant to Local Rule 7.1(c)(2) Defendant-Intervenor Idaho Fish and Game Commission respectfully submits this response to Plaintiffs' Statement of Material Facts (ECF 93-2). The numbered paragraphs and headings of this statement of disputed facts correspond to the numbered paragraphs of Plaintiffs' Statement of Material Facts (ECF 93-2). All allegations of Plaintiffs' Statement of Material Facts (ECF 93-2) that are not specifically admitted, denied, or qualified are hereby expressly denied.

1. Undisputed.

2. Partially disputed. Plaintiffs' allegation quotes the listing rule for grizzly bears, 40 Fed. Reg. 31,734 (July 28, 1975), which speaks for itself and is the best evidence of its own content.

3. Partially disputed. The 1982 Grizzly Recovery Plan was a non-binding guidance document that was completely revised in 1993 and subsequently supplemented with later revisions. There are, however, six recovery zones.

4. Disputed. Plaintiffs alleges this statement from the 1982 Grizzly Bear Recovery Plan, but Exhibit A (ECF 94-1) does not include that portion of the plan. In any event, the 1982 Grizzly Recovery Plan was a non-binding guidance document that was completely revised in 1993 and subsequently supplemented with later revisions. The statement quoted by Plaintiffs does not appear in the 1993 Plan, and it does not reflect the USFWS delisting framework of the 1993 Recovery Plan or more recent USFWS delisting actions. For example, the Service has delisted grizzly bears in the Greater Yellowstone Ecosystem two times. While courts did not uphold the 2007 and 2017 delisting rules, these rulings did not apply the outdated 1982 recovery construct quoted by Plaintiffs as a basis for overturning the delisting rules. *Greater Yellowstone Coal., Inc. v. Servheen*, 665 F.3d 1015 (9th Cir. 2011); *Crow Indian Tribe v. United States*, 965 F.3d 662 (9th Cir. 2020).

5. Undisputed.

6. Disputed. The Service has prioritized recovery of grizzly populations in areas grizzlies currently occupy. Additionally, Plaintiffs statement is a quotation from 65 Fed. Reg. 69,644 (Nov. 17, 2000), which speaks for itself and is the best evidence of its own content. Plaintiffs quote is out of context as the sentence that Plaintiffs quote was discussing areas with the best potential for grizzly bear recovery in areas *not occupied* by grizzly bears. 65 Fed. Reg. 69,644.

7. Undisputed.

8. Disputed. Plaintiffs statement is a quotation from 82 Fed. Reg. at 30,511, which speaks for itself and is the best evidence of its own content.

9. Undisputed.

10. Undisputed.

11. Undisputed. The Commission wants to clarify that the 2017 proposed GYE delisting rule quoted by Plaintiffs recognized that although movement and survival between recovery ecosystems may be beneficial, it is not a necessity for genetic health of grizzlies in within populated ecosystems and other solutions such as translocation may be viable.

12. Undisputed.

13. Disputed. Plaintiffs statement is a quotation from 82 Fed. Reg. at 30,536, which speaks for itself and is the best evidence of its own content.

14. Disputed. Plaintiffs seem to take this statement from the grizzly bear species status assessment but Exhibit B (ECF 94-2) does not include that portion of the species status assessment. The species status assessment speaks for itself and is the best evidence of its own content.

15. Disputed. Plaintiffs seem to take this statement from the grizzly bear species status assessment but Exhibit B (ECF 94-2) does not include that portion of the species status assessment. The species status assessment speaks for itself and is the best evidence of its own content.

16. Disputed. Plaintiffs seem to take this statement from the grizzly bear species status assessment but Exhibit B (ECF 94-2) does not include that portion of the species status assessment. The species status assessment speaks for itself and is the best evidence of its own content. In any event, it has long been acknowledged that baiting actually reduces the chances of hunters mistaken identification mortality. 60 Fed. Reg. 14,720, 14,722. ("Baiting actually improves the chance that the hunted species is clearly identified before being shot, and therefore should improve the chances that other species are not shot accidentally.").

17. Disputed. Plaintiffs take this quote from a November 25, 2003 letter, which speaks for itself and is the best evidence of its own content. *See* FS 373. In any event, this letter speaks to management removals of food conditioned bears that are largely the result of long term exposure to trash, not bear bait. Areas with concentrated grizzly populations are closed to bear baiting in Idaho and bait is a temporary occurrence on the landscape whereas trash is a constant issue.

18. Undisputed.

19. Undisputed.

20. Undisputed.

21. Undisputed.

22. Disputed. The 1993 environmental assessment speaks for itself and is the best evidence of its own content. *See* FS AR 57–58. The Commission wants to clarify that the mentioned mitigation measures do not appear mandatory and in any event, bear baiting is prohibited in the GYE recovery zone.

23. Undisputed.

24. Undisputed.

25. Undisputed.

26. Disputed. Plaintiffs take these quotes from a 1993 BiOp on black bear baiting in Wyoming, which speaks for itself and is the best evidence of its own content. *See* FWS 77.

27. Disputed. Plaintiffs take these quotes from a 1993 BiOp on black bear baiting in Wyoming, which speaks for itself and is the best evidence of its own content. *See* FWS 75.

28. Disputed. The 1993 BiOp on black bear baiting in Wyoming speaks for itself and is the best evidence of its own content. *See* FWS 75.

29. Disputed. Plaintiffs take these quotes from a 1993 BiOp on black bear baiting in Wyoming, which speaks for itself and is the best evidence of its own content. *See* FWS 79-80.

30. Disputed. Plaintiffs take these quotes from a 1993 BiOp on black bear baiting in Wyoming, which speaks for itself and is the best evidence of its own content. *See* FWS 79-80.

31. Disputed. Plaintiffs take these quotes from a 1993 BiOp on black bear baiting in Wyoming, which speaks for itself and is the best evidence of its own content. *See* FWS 79-80.

32. Undisputed.

33. Disputed. Plaintiffs take these quotes from a 1993 letter, which speaks for itself and is the best evidence of its own content. *See* FS 130.

34. Disputed. Plaintiffs take these quotes from a 1995 letter, which speaks for itself and is the best evidence of its own content. *See* FWS 164.

35. Disputed. Plaintiffs take these quotes from a 1995 letter, which speaks for itself and is the best evidence of its own content. *See* FWS 165-66.

36. Undisputed.

37. Undisputed.

38. Disputed. The 1995 environmental assessment speaks for itself and is the best evidence of its own content. *See* FS AR 155-248. The BiOp is not at FS AR 189.

39. Disputed. The 1995 environmental assessment speaks for itself and is the best evidence of its own content. *See* FS AR 155-248.

40. Disputed. Plaintiffs take these quotes from a 1995 letter, which speaks for itself and is the best evidence of its own content. *See* FWS 167.

41. Disputed. Plaintiffs take these quotes from a 1995 letter, which speaks for itself and is the best evidence of its own content. *See* FWS 167.

42. Undisputed.

43. Disputed. There appears to be a misunderstanding in this litigation regarding which states currently allow the use of bait to hunt black bears. *See* Memorandum Decision and Order, page 4 n. 3 (DKT. 55) ("Currently, only Idaho and Wyoming allow the use of bait to hunt black bears."); Guardians br. at 13 (Dkt. 93-1). To provide clarity, hunting bears by use of bait is a commonly authorized means of hunting, with Idaho, Alaska, Arkansas, Maine, Michigan, Minnesota, New Hampshire, Oklahoma, Utah, Wisconsin and Wyoming authorizing the method. FWS 00289.

44. Undisputed.

45. Disputed. The Commission has a long-standing prohibition on the use of bait in the portion of Game Management Unit 61 in Fremont County and East of Howard Creek in Clark County. ECF 74, ¶ 45. This portion is geographically within the Greater Yellowstone Bear Recovery Area. *Id.*

46. Disputed. The Commission does not have sufficient facts to verify the truth and veracity of this specific alleged bear sighting.

47. Disputed. The food storage order located at FS AR 1097–98 speaks for itself and is the best evidence of its own content. It is notable that the Commission has longstanding

prohibitions on black bear baiting in the geographic area covered by this food storage order in the Greater Yellowstone Recovery Area.

48. Disputed. The food storage order located at FS AR 1326–31 speaks for itself and is the best evidence of its own content.

49. Disputed. The food storage order located at FS AR 1099–1103 speaks for itself and is the best evidence of its own content. It is notable that the Commission has long standing prohibitions on black bear baiting in the geographic area covered by this food storage order, including areas in the Selkirk and Cabinet-Yaak Grizzly Bear Recovery Areas.

50. Disputed. The food storage order located at FS AR 1356–62 speaks for itself and is the best evidence of its own content.

51. Disputed. The Commission does not have sufficient facts to verify the truth and veracity of this allegation regarding consultation with FWS on effects to grizzlies of a proposed bison and elk management plan in the Tetons. This consultation is not the subject of this litigation.

52. Disputed. The Commission does not have sufficient facts to verify the truth and veracity of this allegation regarding consultation with FWS on effects to grizzlies of a proposed bison and elk management plan in the Tetons. This consultation is not the subject of this litigation.

53. Disputed. Although the BiOp was noted in a table, the FWS was not squarely addressing whether the BiOp was needed in the first instance or whether the BiOp had been withdrawn in the 1990s.

54. Disputed. Although the BiOp was noted in a table, the FWS was not squarely addressing whether the BiOp was needed in the first instance or whether the BiOp had been withdrawn in the 1990s.

55. Disputed. The statements at FWS AR 247 speak for themselves and are the best evidence of their own content.

56.     Disputed. The Commission does not have sufficient facts to verify the truth and veracity of this allegation, which did not occur in Idaho.

57.     Disputed. The Commission does not have sufficient facts to verify the truth and veracity of this allegation, which did not occur in Idaho.

58.     Disputed. The Commission does not have sufficient facts to verify the truth and veracity of this allegation, which did not occur in Idaho.

59.     Undisputed.

60.     Undisputed.

61.     Disputed.

62.     Undisputed.

Respectfully submitted this 16th day of June, 2022.

> HON. LAWRENCE G. WASDEN
> Attorney General
>
> DARRELL EARLY
> Chief of Natural Resources Division
> KATHLEEN E. TREVER
>
> */s/ Owen Moroney*_____
> OWEN MORONEY
> Deputy Attorney General
> 600 S. Walnut Street
> P.O. Box 25
> Boise, ID 83707
> owen.moroney@idfg.idaho.gov

9

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of June, 2022, I caused the foregoing to be electronically filed with the Court using the CM/ECF system, which caused the all attorneys of record to be served by electronic means.

*/s/ Owen Moroney*
OWEN MORONEY