Cherese D. McLain (ISB No. 7911)
MSBT Law
7699 West Riverside Drive
Boise, ID 83714
(208) 331-1800 (phone)
cdm@msbtlaw.com

Travis Jordan, (WSB No. 7-5721) *Pro Hac Vice*
Senior Assistant Attorney General
Wyoming Attorney General's Office
2320 Capitol Avenue
Cheyenne, WY  82002
(307) 777-7895 (phone)
(307) 777-3542 (fax)
travis.jordan@wyo.gov

*Counsel for Intervenor State of Wyoming*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILDEARTH GUARDIANS, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>U.S. FOREST SERVICE, U.S. FISH AND WILDLIFE SERVICE,<br><br>Defendants. | Case No.  1:19-CV-203-CWD<br><br>**WYOMING'S RESPONSE TO PLAINTIFFS' STATEMENT OF ALL MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND INJUNCTIVE RELIEF [Dkt. 93-2] AND WYOMING'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Dist. Idaho Loc. Civ. R. 7.1(c)(2), Intervenor-Defendant State of Wyoming (Wyoming) submits the following response to Plaintiffs' Statement of all Material Facts in Support of Motion for Summary Judgment and Injunctive Relief (Dkt. 93-2) indicating which factual statements Wyoming disputes. Because judicial review pursuant to the Administrative Procedure Act (APA) is limited to the administrative record in existence at the time the agency rendered the challenged decisions, there can be no genuine issues of material fact in this case. 5 U.S.C. § 706; *see, e.g., Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985); *Camp v. Pitts*, 411 U.S. 138 (1973). In hearing a case pursuant to the APA, the district court acts as a reviewing court and does not act as a fact finder. *Fla. Power & Light Co.*, 470 U.S. at 744. Instead, "[t]he task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." *Id.* at 743-44. Accordingly, Wyoming denies all allegations contained in Plaintiffs' separate statement of undisputed material facts that are inconsistent with the administrative record filed with the Court or rely on extra-record evidence. Nonetheless, Wyoming provides the following response to Plaintiffs' statement of facts:

1. Wyoming disputes the statements in Paragraphs 1 through 16 as purported material facts supported by extra-record evidence not in the administrative record filed with this Court. With respect to the statement in Paragraph 5, Wyoming does not dispute that the administrative record reflects that the range of the grizzly bear in the Greater Yellowstone Ecosystem has "increased considerably." (FS001275).

2. Wyoming does not dispute the statement in Paragraph 17.

3. Wyoming disputes the statement contained in Paragraph 18 because it materially misrepresents the facts presented in the administrative record at FS000132. In particular,

1

|     |     |
| --- | --- |
|     | the cited document makes no reference to "grizzly bear habitat." (*See* FS000131-134). The cited Federal Register notice filed in the administrative record is the best evidence of its contents. (*Id.*). |
| 4.  | Wyoming disputes the statement contained in Paragraph 19 to the extent it improperly abridges the description of the proposed action in the 1993 Environmental Assessment by leaving out the following phrase, "Through a Memorandum of Understanding with the Wyoming Game and Fish Commission…" (FS000056). |
| 5.  | Wyoming does not dispute the statements in Paragraphs 20 through 21. |
| 6.  | Wyoming disputes the statement in Paragraph 22 as paraphrasing the mitigation measures identified in the 1993 Environmental Assessment. Wyoming does not dispute the full and complete language of the mitigation measures described in the cited document filed in the administrative record which is the best evidence of its contents. (*See* FS00057-58). |
| 7.  | Wyoming does not dispute the statements in Paragraphs 23 through 25. |
| 8.  | Wyoming does not dispute the selectively quoted language in Paragraphs 26 through 27 but asserts the full text of the 1993 Biological Opinion in the administrative record is the best evidence of its contents. (*See* FWS00074-83). Wyoming, however, denies that the 1993 Biological Opinion is in effect because the Forest Service rescinded the 1993 baiting policy for Wyoming. (FS000130). |
| 9.  | Wyoming does not dispute the statement in Paragraph 28. |
| 10. | Wyoming does not dispute the selectively quoted language in Paragraphs 29 through 31 but asserts the full text of the 1993 Biological Opinion in the administrative record is the best evidence of its contents. Wyoming, however, denies that the 1993 Biological Opinion |

is in effect because the Forest Service rescinded the 1993 baiting policy for Wyoming. (FS000130).

11. Wyoming does not dispute the statement in Paragraph 32.

12. Wyoming does not dispute the selectively quoted text in Paragraph 33 but asserts that the complete text of the cited July 29, 1993, Decision Notice withdraws the 1993 baiting policy for Wyoming and only provides the Forest Service's aspirations about potential consultation under the proposed national policy. Contrary to the quoted text in Paragraph 33, the Forest Service engaged the U.S. Fish & Wildlife Service separately with informal consultation over the 1995 national policy. (FWS00164-166).

13. Wyoming does not dispute the statement in Paragraph 34 but denies the suggestion that closure orders remain in effect in Wyoming. The Forest Service withdrew its closure order in 1998 because Wyoming's baiting regulations duplicated the Forest Service's restrictions. (FS000360).

14. Wyoming disputes the statement made in Paragraph 35 because it improperly paraphrases the February 27, 1995, U.S. Fish & Wildlife letter which makes no reference to an "ITS" or "take statement." (FWS00165-66). The letter from February 27, 1995, only discusses two "terms and conditions" from the 1993 Biological Opinion. (*Id.*). Wyoming asserts the complete text of the letter in the administrative is the best evidence of its contents. (*Id.*).

15. The statement in Paragraph 36 is a legal conclusion that Wyoming denies and Wyoming disputes that the national policy the Forest Service adopted in its Manual constitutes a "rulemaking" under the APA. Moreover, the legal conclusion made in Paragraph 36 is not supported by the administrative record. (*See* FS000151-54). Wyoming does not dispute

that the Forest Service published its 1995 national baiting policy in the Federal Register and solicited public comment. (*Id.*).

16. Wyoming does not dispute the statement in Paragraph 37.

17. Wyoming disputes the statement in Paragraph 38 because it is not factually accurate and not supported by the citation provided. The cited reference in Paragraph 38 is the Forest Service's "Comment Summary" response and is not the 1993 Biological Opinion. (*See* FS000189). In fact, the Forest Service attached its **1995 Biological Evaluation** and correspondence with the U.S. Fish & Wildlife Service regarding the national policy as Appendix B. (*See* FS000205-13).

18. Wyoming does not dispute the selectively quoted statements from the administrative record in Paragraphs 39 and 40 but asserts the cited document filed in the administrative record is the best evidence of its contents. (FS000155-248).

19. Wyoming disputes the characterization and paraphrasing of the statement in Paragraph 41. The U.S. Fish and Wildlife Service letter dated March 14, 1995, in the administrative record is the best evidence of its contents. Wyoming does not dispute that the March 14, 1995 letter concurs with the Forest Service that the national policy "is not likely to adversely affect federally listed species. (FWS00167).

20. Wyoming disputes the legal conclusion made in Paragraph 42 that the national policy in the Forest Service Manual was "adopted by rule." Neither citation provided to support Paragraph 42 directly supports this legal conclusion or uses the term "adopted by rule." (FS000259-65; FWS00175-78).

21. Wyoming disputes the statements in Paragraphs 43 through 46 as purported material facts supported by extra-record evidence not in the administrative record filed with this Court.

22. Wyoming does not dispute the statement in Paragraph 47 that on January 29, 2010, the Forest Service issued a food storage order for the Caribou-Targhee National Forest and exempted "[p]ersons in the act of placing black bear baits for the lawful purpose of hunting black bears under state law and regulation." The cited document filed in the administrative record, however, is the best evidence of its contents. (FS001097-98).

23. Wyoming does not dispute the statement in Paragraph 48 that on June 14, 2016, the Forest Service issued a food storage order in certain areas of the Shoshone and Bridger-Teton National Forests in Wyoming and exempted "[p]ersons in the act of placing black bear baits for the lawful purpose of hunting black bears under state law and regulation." (FS001326). Wyoming does dispute the use of extra-record evidence to support this statement. (*See* Dkt. 93-2 at ¶ 48) (citing Plf's Ex. F at 7).

24. Wyoming does not dispute the statement in Paragraph 49. (FS001099-1103). Wyoming does dispute the use of extra-record evidence to support this statement. (*See* Dkt. 93-2 at ¶ 49)(citing Plf's Ex. F at 6).

25. Wyoming does not dispute the statement in Paragraph 50 but disputes the characterization that the Forest Service issued a "food closure order" on December 1, 2017. The Forest Service's December 1, 2017, order on occupancy and use is a **food storage order**. (*See* FS001356-62).

26. Wyoming does not dispute the statements in Paragraphs 51 through 52.

27. Wyoming disputes the mischaracterization of the administrative record made in Paragraphs 53 through 55 which purports that the incidental take statement from the 1993 Biological Opinion remains in effect and is zero. The disputed statements in Paragraphs 53 through 55 are from a summary on "Past and Current Activities within the Action Area" involving

species and agency actions not at dispute in this case. (FWS000247). Moreover, the citation to the administrative record used to support the statements in Paragraphs 53 and 54 regarding "Bear Baiting" are conditioned by both a double hyphen and double asterisk. (FWS00251). In the document used to support the statements in Paragraphs 53 and 54, the U.S. Fish & Wildlife Service explained that its use of a double hyphen and double asterisk "indicates the [biological opinion] has been superseded," is "not applicable," or that the biological opinion reached its end date. (FWS00253).

28. Wyoming does not dispute the statement in Paragraph 56 which Wyoming admitted in its Answer to Plaintiffs' Amended and Supplemental Complaint. (Dkt. 75 at ¶1).

29. Wyoming does not dispute the statement in Paragraph 57 which Wyoming admitted in its Answer to Plaintiffs' Amended and Supplemental Complaint. (Dkt. 75 at ¶1).

30. Wyoming does not dispute the statement in Paragraph 58 which Wyoming admitted in its Answer to Plaintiffs' Amended and Supplemental Complaint. (Dkt. 75 at ¶1).

31. Wyoming does not dispute the statement in Paragraphs 59 and 60.

32. Wyoming disputes the statement made in Paragraph 61 that "[s]ome reports of grizzly bear mortalities caused by hunters do not disclose whether bait was present or do not precisely identify locations to determine whether the incident took place in a national forest" which purportedly relies on Wyoming's Answer to Plaintiffs' Amended and Supplemental Complaint. (*See* Dkt. 93-2 at ¶61). The statement in Paragraph 61 is a blatant fabrication. Wyoming's Answer admitted the following statement, "[o]n April 24, 2001, a licensed bow hunter seeking black bears and using bait shot and killed a grizzly bear in Rock Springs Canyon in Wyoming." (Dkt. 56 at ¶50; Dkt. 75 at ¶1). Moreover, the statement in Paragraph 61 is unsupported by the extra-record evidence that Plaintiffs' cite and is a

mischaracterization of the Wyoming Game and Fish Department mortality report. (*See* Dkt. 94-7). Wyoming similarly disputes the statement in Paragraph 61 as relying on extra-record evidence not in the administrative record filed with this Court.

33. Wyoming disputes the legal conclusion in Paragraph 62 that the "Forest Service and FWS have not reinitiated consultation under Section 7(a)(2) of the ESA on the effects to grizzly bears of the Forest Service's policy on the use of bait in hunting on national forests." The statement in Paragraph 62 is not supported by any citation to the administrative record and Wyoming denies that Federal Defendants have an obligation under Section 7(a)(2) to reinitiate consultation over the 1995 national policy on baiting which is one of the legal issues at dispute in this case.

**WYOMING'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to Dist. Idaho Loc. Civ. R. 7.1(b)(1), Wyoming submits the following material facts in support of its cross-motion for summary judgment.

A. "[T]he Wyoming Game and Fish Department prepared regulations covering bear baiting, provided for public comments on the regulations, and adopted the current regulations effective July 1, 1992. The State's regulations incorporated many of the criteria that were in the Forest Service special use permits and closure order." (FS00030).

B. "The State of Wyoming has the responsibility and authority to establish and regulate hunting seasons and hunting methods. Bear baiting is a hunting method that is authorized by the State." (FS00030).

C. The Forest Service Decision Notice for the 1993 Wyoming baiting policy states: "Implementation of this alternative will provide for regulation of noncommercial bear baiting and associated structures by State of Wyoming Game and Fish Commission

        regulations through a Memorandum of Understanding (MOU) between the Forest Service and the Commission. The State's regulations are included in the mitigation measures." (FS000103).

D.    The Forest Service Decision Notice for the 1993 Wyoming baiting policy states: "The MOU will be the instrument clarifying the intent of 36 CFR 251.50(c), (hunting does not require a special use permit) and 36 CFR 261.10(a) (temporary permits are not considered occupancy) regarding the practice of noncommercial bear baiting on National Forest System lands." (FS000104).

E.    The Forest Service's July, 29, 1993, Decision Notice on Black Bear Baiting in Wyoming states: "By this letter, we are withdrawing the Decision Notice issued on 'Black Bear Baiting on National Forest System Lands in Wyoming' that was issued on April 2, 1993, and the addendum to the Decision Notice that was issued April 14, 1993. In order to prohibit bear baiting until National Policy is issued, we will issue a closure order which prohibits black bear baiting." (FS000130).

F.    On March 14, 1994, the Forest Service published a "Notice; adoption of interim policy; request for public comment" in the Federal Register that states: "The Forest Service gives notice that it is issuing interim policy on the agency's role in regulating the placement of bait on National Forest System lands." (FS000131-32). The Forest Service's March 14, 1994 Federal Register Notice also states: "State agency regulations have been developed and published in Wyoming and other States governing the use of bait in spring hunts for 1994. These new Wyoming regulations were developed in close coordination with the Forest Service to be in concert with federal regulation and law on the national forests involved and to be protective of National Forest System resources." (FS000132).

G.  The Forest Service's March 14, 1994 Federal Register Notice states: "Accordingly, the Decision Notice was rescinded, and bear baiting in national forests in Wyoming was prohibited pending issuance of national direction." (FS000132).

H.  On April 8, 1994, the Forest Service stated in a letter: "This letter is to formally inform you of the closure of bear baiting on National Forest System lands in Wyoming until the Forest Service develops a final policy for 'Use of Bait in Hunting.' The closure is pursuant to a settlement of a lawsuit against the Forest Service." (FS000150). The Forest Service's letter also stated: "In the meantime, bear baiting will be banned on National Forest System lands in Wyoming" and "We understand the ban will cause problems for some Wyoming outfitters, hunters, and other users during the spring bear hunt, April 15-June 7." (*Id.*).

I.  The Forest Service stated the following in its 1995 EA on the national baiting policy: "The vast majority of occupied grizzly habitat is closed to baiting in Wyoming, Washington, and Idaho." (FS000189).

J.  On March 20, 1995, the Forest Service published "Notice; adoption of final policy" in the Federal Register that states: "The Forest Service gives notice of its final policy on the use of bait in hunting resident game on National Forest System lands. This policy has been issued to Agency employees as an amendment to the Forest Service Manual 2640. The intended effect of the final policy is to clarify the Agency's role with regard to baiting in relation to the role of the States and, thus, to provide a consistent approach to the regulation of baiting resident game on National Forest System lands." (FS000151). The Forest Service's March 20, 1995, Federal Register Notice also states: "the final policy now clearly indicates the circumstances and process by which the authorized officer may restrict or prohibit baiting through the use of closure orders, the explicit prohibition on the issuance

9

of special use permits to regulate baiting is unnecessary and, therefore, has not been retained in the final policy." (FS000153). The Forest Service's March 20, 1995, Federal Register Notice also states: "[t]he policy in this section, in and of itself, does not compel an authorized officer to undertake a specific decision to allow baiting on National Forest System lands in those States where the practice is permitted." (FS000154).

K. The Forest Service stated the following on bear baiting in 2003: "Wyoming Game and Fish Commission began working on regulations related to bear baiting that would duplicate restrictions in our closure order in 1996. They actually took over the process over in 1997 and we finally pulled our closure order in the summer of 1998 after we received agreement from the FWS that the withdrawal of our closure order would have no effect on the grizzly bear." (FS000360).

Submitted this 16th day of June, 2022.

/s/ Cherese D. McLain
Cherese D. McLain (ISB No. 7911)
MSBT Law
7699 West Riverside Drive
Boise, ID 83714
(208) 331-1800 (phone)
cdm@msbtlaw.com

Travis Jordan, (WSB No. 7-5721) *Pro Hac Vice*
Senior Assistant Attorney General
Wyoming Attorney General's Office
2320 Capitol Avenue
Cheyenne, WY 82002
(307) 777-7895 (phone)
travis.jordan@wyo.gov

*Counsel for Intervenor State of Wyoming*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 16th day of June, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                          */s/ Cherese D. McLain*
                                                          Cherese D. McLain